FRIEDLANDER v. CONDICT et al.

(Supreme Court, Special Term, New York County. August 31, 1899.)

DEDICATION—USE OF ALLEY—INJUNCTION.

It was shown, in an action to enjoin the use of an alley extending from one street to another, that plaintiff's predecessor in title, being the owner of the land, laid it out in a plat which was recorded with an instrument reciting that the alley was for the exclusive use of the lots platted from the land he owned; that plaintiff had for 40 years next preceding the commencement of the action had the exclusive use of the alley; that neither defendant nor her predecessors in interest had ever used it, as she now claimed the right to do, to stand trucks in while loading and unloading merchandise from her building, which is situate on property adjacent to it, but not a part of land platted. *Held*, that the alley, though long used by the public as a passageway from one street to the other, was not subject to the use attempted to be made of it by defendant.

Action by Albert Friedlander against Emeline H. G. Condict and others to enjoin the use of an alley. Motion for injunction pendente lite granted in part.

Motion by plaintiff for injunction pendente lite to enjoin the defendants from using Shinbone alley and Cross lane, running from Bleecker to Bond street, between Broadway and the Bowery, in the borough of Manhattan, in the city of New York. Since the recent opening of Elm street, one entrance to the alley is upon that street, instead of winding towards and opening upon Bleecker. The plaintiff owns Nos. 1, 2, and 3 Bond street, and the defendants' property is on Bleecker. The alley is in the rear of both properties, which are valuable, and the privilege of using the alley for the loading and unloading of trucks important for the occupants of each. The lane runs in a southerly direction from Bond street, parallel with Broadway, and commencing 130 feet easterly therefrom, is 20 feet wide, and about 100 feet long. This was opened about 1806. The alley was opened in 1825, is 15 feet wide, connects with the lane, and runs about 400 feet in an easterly direction towards the Bowery, and runs thence southerly, in an oblique direction, to Bleecker street. The Bank for Savings formerly occupied the land now owned by the defendant Condict. Upon the removal of the bank she purchased the property, and erected thereon a 12-story building, which has just been completed, and the occupants intend to use the alley for loading and unloading goods; hence the present application to enjoin such use.

Oppenheim & Severance, for the motion.
Phillips & Avery, opposed.

McADAM, J. Under the claim for injunctive relief two questions come up: (1) The rights of the parties in Shinbone alley; (2) their rights in Cross lane.

1. As to Shinbone alley: The plaintiff's predecessor in title, William Israel, in 1825 caused a survey and map to be made of his property on the block in question on the southerly side of Bond street, upon which map the property was divided into lots, and Shinbone alley laid out; and in a writing recorded with the map and survey the said Israel declared that the alley, "as extending from Cross lane," is laid out and appropriated to the lots fronting on Bond street, and extending to the alley (which include the plaintiff's), and that the exclusive use of the alley is attached to said lots, subject to the payment of all costs, charges, and expenses of regulating, repairing, and maintaining the same, and bearing

payment and discharging all taxes and assessments to be levied or imposed thereon. Is the plaintiff, as the owner of lots thus designated by Israel, estopped from claiming the exclusive use of the alley in the rear of his premises as against the defendants, occupiers of lots immediately south of the alley, which lots are not among those designated? This controversy is not one between the public and a private individual; merely private rights are involved herein. The defendants maintain that they have the right to load and unload trucks on the alley, which is less than 15 feet wide, in the rear of their and the plaintiff's premises, while the plaintiff, relying upon the exclusive use of the alley appurtenant to his lots, and the actual exercise of that exclusive right for over 40 years last past, attempts to enjoin the exercise of the claim asserted. Although there may have been a dedication of the alley to the general public for passage to and from contiguous streets, which limited dedication, however, might not impair the right of the owners to terminate such privilege at any time (Weiss v. South Bethlehem Borough, 136 Pa. St. 294, 20 Atl. 801), the defendants have shown no dedication of the particular strip in question to the uses sought to be enjoined, nor have they by prescription any right to do such acts; for immediately prior to the defendants occupying their premises, and up to 1897, the Bank for Savings occupied the land. Its building had stood thereon for over 40 years, and during that time it not only made no use of the strip in question for any purpose, but it acquiesced in the exclusive use thereof by the plaintiff and his predecessors in title. It also appears that the plaintiff has paid taxes on the alley for the past three years. It is clear, therefore, that the rights of the defendants in the alley are no greater than those, if any, of the general public therein, and that the plaintiff is not estopped from seeking the relief prayed for as to said alley. See Knabe v. Levelle (Super. Ct.) 23 N. Y. Supp. 818.

2. As to Cross lane: In 1806, Samuel Jones, who, with Antony L. Bleecker, owned all that part of the block in question, authorized the laying out and opening of Cross lane as a road and way for the sole use of himself, his heirs and assigns. In 1810 the said Jones conveyed to said Bleecker, defendants' predecessor in title, certain premises, bounding the same northwesterly by the lane, and the land so conveyed is now the rear of defendants' premises. The plaintiff has proved no right in the lane which can exclude the defendants from a lawful use thereof in connection with their business. As far as that strip of land is concerned, the rights of the parties, as remote grantees of Jones, are identical.

The motion for an injunction will therefore be granted as to Shinbone alley, but denied as to Cross lane.