The People of the State of New York ex rel. Katharine R. Callahan, Respondent, *v.* The Board of Education of the City of New York, Appellant.

78　　501;<br>a174 NY 169

*School teacher in New York city — removable only after a trial — a change of grade with a reduction of salary is a removal.*

A school teacher employed in the city of New York, appointed after the original charter (Laws of 1897, chap. 378) of that city took effect, but before the enactment of the revised charter (Laws of 1901, chap. 466), cannot be removed except after a trial upon charges before the board of education or a committee thereof as prescribed in section 1093 of the revised charter, which is a substitute for section 1114 of the original charter.

The designation of a teacher of the fourth grammar grade to serve as a teacher of the sixth grammar grade at a reduced salary is equivalent to a removal of such teacher.

*Quære,* whether section 1117 of the original charter, as amended and re-enacted in section 1101 of the revised charter, applies to a teacher appointed after the original charter took effect and prior to the enactment of the revised charter.

Appeal by the defendant, The Board of Education of the City of New York, from an order of the Supreme Court, made at the Kings County Special Term bearing date the 17th day of May, 1902, and entered in the office of the clerk of the county of Kings, granting a peremptory writ of mandamus commanding the defendant to reinstate the relator in the position of teacher of the fourth grammar grade in Public School No. 90 of the borough of Brooklyn, city of New York.

*James McKeen,* for the appellant.

*Conrad Saxe Keyes,* for the respondent.

502 PEOPLE ex rel. CALLAHAN *v.* BD. OF EDUCATION.

SECOND DEPARTMENT, JANUARY TERM, 1903.　　[Vol. 78.

WILLARD BARTLETT, J. :

This appeal presents two questions : (1) Whether a reduction in the rank and pay of a public school teacher in the city of New York is equivalent to a removal from the position held by the teacher prior to such reduction ; and (2) whether a public school teacher under the law as it now stands is subject to removal except for cause after a hearing upon charges duly preferred against such teacher.

On February 1, 1898, the relator was appointed a teacher of the sixth grammar grade in Brooklyn. On June 30, 1900, she was appointed a teacher of the fourth grammar grade. On September 7, 1900, the principal of the school in which she was employed required her thereafter to teach the sixth grammar grade therein, instead of the fourth grammar grade. This requirement involved the reduction of her salary to the extent of $156 per annum.

The present proceeding was instituted to procure the relator's reinstatement in the position of teacher of the fourth grammar grade, and is based upon the proposition that the reduction was virtually a removal, and that the relator is not liable to removal except upon charges, the truth of which has been established upon a trial by the board of education or a committee thereof, as prescribed in section 1093 of the Revised Greater New York charter. (Laws of 1901, chap. 466.)

Section 1117 of the Greater New York charter as originally enacted (Laws of 1897, chap. 378) contained the following provision : " All superintendents, assistant or associate superintendents, and all principals, teachers and other members of the educational staff in the public school system of any part of The City of New York as constituted by this act shall continue to hold their respective positions and to be entitled to such compensation as is now provided or may hereafter be provided by the various school boards, subject to the limitations of this act, and to reassignment or to removal for cause as may be provided by law." This provision took effect on January 1, 1898, prior to any appointment of the relator as a teacher. Section 1117 of the original charter was re-enacted, with additions and amendments, as section 1101 of the revised charter of 1901. The provision which I have quoted from the former section 1117 appears as amended and re-enacted in the

present section 1101 as follows : " Except as herein otherwise provided, the city superintendent, the members of the board of examiners, the supervisors, the directors, and all principals, teachers and other members of the educational staff in the public school system of any part of The City of New York, and all school officers or other employes appointed by the board of education before this act takes effect, including the secretary of the board, the city superintendent of schools, the superintendent of school buildings, the superintendent of school supplies, the auditors and all deputies, clerks and other employes in their respective offices, shall continue to hold their respective positions and to be entitled to such compensation as is now provided or may hereafter be provided by the lawful authority, subject to change of title, to reassignment or to removal for cause, as may be provided by law, and subject to the right of the said board to abolish unnecessary positions." The act of the Legislature which substitutes the revised charter for the original charter of 1897 declares that the provisions of the act " so far as they are substantially the same as those of laws existing on December thirty-first, nineteen hundred and one, shall be construed as a continuation of said laws, modified or amended according to the language employed in this act and not as new enactments." (Laws of 1901, chap. 466, sec. two.) The new section 1101, like the old section 1117, in terms continues teachers in their respective positions, and protects them against removal except for cause. The sections being substantially the same in this respect, it would seem that section 1101 is to be construed merely as a continuation of section 1117, so far as the tenure of teachers is concerned. If so, it is operative only in respect to such persons occupying the position of teachers as were affected by section 1117 of the original charter when that took effect — that is, on January 1, 1898.

Two entirely different views may be taken of the scope and effect of section 1117 as substantially continued by section 1101 of the revision. One is that the section was designed to establish a general rule applicable to all teachers and other public school officers mentioned therein, whether they were in office at the time when the enactment took effect or should be appointed thereafter, making their tenure permanent and protecting them against removal, except for cause. If this be the correct construction, the relator, although

appointed after section 1117 took effect, is entitled to its protection, and the only question remaining for consideration in the case is whether she was in fact removed from her original position as a teacher by being reduced in rank and pay.

The other view of section 1117 is that it was limited in its operation solely to the teachers who were actually members of the educational force in any part of the consolidated city at the time when the original charter went into effect. As to such teachers, it was provided that they should continue to hold their respective positions subject to the limitations of the charter and to reassignment or to removal for cause as might be provided by law. Assuming that the operative force of the section was thus limited, it created a class of teachers who could be removed only for cause, which class comprised only such persons as were teachers already. Upon this assumption, in order to ascertain the tenure of other teachers who were subsequently appointed, as was this relator, it is necessary to look elsewhere in the law.

Counsel do not appear to have discovered any section of the Greater New York charter, or any other statute now in force, which expressly defines the tenure of public school teachers employed by this municipality; at all events, they have not referred us to any. In my opinion, however, the provisions of the Greater New York charter relative to proceedings for the removal of teachers, when considered in connection with the provisions of section 1117, which have already been discussed, manifest by the clearest implication the intention of the Legislature that a public school teacher once appointed here should continue to occupy his or her position as such during good behavior and competency.

Section 1093 of the revised charter, enacted as a substitute for section 1114 of the original charter, provides that charges may be preferred to the board of education against a teacher in any of the schools " for gross misconduct, insubordination, neglect of duty or general inefficiency." Provision is made for the trial of charges by the board of education or a committee thereof, and for the punishment of the teacher in the event of an adverse determination by fine, suspension or dismissal. In case the teacher is acquitted he is entitled to restoration to his position, with full pay for the

period of suspension if he has been suspended from exercising his functions pending trial.

We have here prescribed the causes which shall be deemed sufficient to warrant the removal of a teacher, and a specific method of procedure to effect such removal. It is plain that these teachers continued in their positions by section 1117 were and are entitled to retain their positions unless removed in this way. It is not reasonable to suppose that the Legislature meant to create a distinction in favor of those incumbents by making their tenure different from that of teachers subsequently appointed. As to the latter class there appears to be no provision for their removal except in the manner directed by section 1093; and I think that the sole warrant for the exercise of the power to remove must be found in that section.

If this view is correct, it follows that the relator cannot be removed without cause shown, whether section 1117 of the original Greater New York charter, as re-enacted in section 1101 of the revision, be deemed applicable to teachers subsequently appointed or not. As to the effect of the reduction of the relator, I concur in the opinion expressed by Mr. Justice MAREAN at Special Term, to the effect that reduction is really a removal from the position occupied, accompanied by appointment to a lower position. Such a reduction, involving, as it did here, a decrease in compensation, cannot be deemed a reassignment under section 1117. The term "reassignment" as therein used probably relates to a change from one field of work to another; but however this may be, it certainly does not imply a power to lessen the teacher's rank and pay.

I think the relator was entitled to the relief which she obtained at Special Term, and that the order should, therefore, be affirmed.

HIRSCHBERG and WOODWARD, JJ., concurred; GOODRICH, P. J., concurred in result.

Final order affirmed, with ten dollars costs and disbursements.