*Leavitt* v. *Wolcott*, 95 N. Y. 212; Herm. Œstop. [2d ed.] 303, 307; *Lahey* v. *Kortright*, 132 N. Y. 450.)

The force of the judgment is not affected by the fact that it was rendered in a suit begun after another action, which likewise involved this same question of title. (*Casebeer* v. *Mowry*, 55 Penn. St. 422; *Duffy* v. *Lytle*, 5 Watts [Penn.], 120; 2 Black Judg. [2d ed.] § 791.) A *bona fide* purchaser at the sale would be protected. (Code Civ. Proc. § 1323. See, too, *Murray* v. *Berdell*, 98 N. Y. 480, 485.)

The order should be affirmed, with costs.

HIRSCHBERG, P. J., BARTLETT and WOODWARD, JJ., concurred; HOOKER, J., dissented.

Order affirmed, with ten dollars costs and disbursements.

---

GEORGE B. WATERS, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

*Civil service — reduction in the salary of a bookkeeper in the office of the comptroller of the former city of Brooklyn, transferred to a similar position in the city of Greater New York — it can be made only after a statement of the reasons therefor and an opportunity to make an explanation.*

Chapter 186 of the Laws of 1898, which amended the Civil Service Law of 1883 by providing that "if a person, holding a position subject to competitive examination in the civil service of the State or of a city, shall be removed or reduced, the reasons therefor shall be stated in writing and filed with the head of the department or other appointing officer, and the person so removed or reduced shall have an opportunity to make an explanation," applies to the city of New York.

Where a bookkeeper in the office of the comptroller of the former city of Brooklyn, in receipt of a salary of $2,400 a year, was, pursuant to the provisions of section 1536 of the Greater New York charter (Laws of 1897, chap. 378), transferred to a similar position in the office of the comptroller of the city of New York at the same salary, a reduction, subsequent to the passage of chapter 186 of the act of 1898, from $2,400 to $1,500, of the salary attached to such position, which was in the classified competitive civil service, is within the purview of the act of 1898, and could not be lawfully effected without compliance with the provisions of the said section, notwithstanding that such reduction in salary was not accompanied by a change in the name of such position or in the duties attached thereto.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 26th day of February, 1904, upon the decision of the court rendered after a trial before the court without a jury at the Kings County Trial Term.

*James D. Bell* and *R. B. Greenwood, Jr.* [*John J. Delany* with them on the brief], for the appellant.

*R. Percy Chittenden* and *F. Harvey Field,* for the respondent.

Judgment affirmed, with costs, on the opinion of Mr. Justice MADDOX at Special Term.

HIRSCHBERG, P. J., BARTLETT, WOODWARD, JENKS and HOOKER, JJ., concurred.

The following is the opinion of MADDOX, J., handed down at the Kings County Trial Term :

MADDOX, J. :

Plaintiff, at the time of the consolidation, held a classified competitive position, that of bookkeeper, and was, pursuant to the provisions of section 1536 of the Greater New York charter (Laws of 1897, chap. 378), assigned and continued in the performance of the same duties in the comptroller's office of the greater city. He had been lawfully appointed in February, 1895, by the comptroller of the former city of Brooklyn as bookkeeper in said comptroller's office, and perforce of the section before cited, being "not subject to removal without cause," and his position not "vacated by reason of the passage of" the charter, or "abolished or reconstructed" thereby, it was his right to be continued in the service of the greater city, in his position, "without prejudice or advantage." his salary had been $2,400 a year, and was so continued until May 1, 1898, when it was reduced to $1,500 a year, which latter sum he has since received, though performing the same duties and holding the same position as before such reduction. His position was not abolished ; he was not removed from the service of the city ; " the

reasons" for such reduction were not "stated in writing and filed," and he had no "opportunity to make an explanation."

By chapter 186 of the Laws of 1898, passed March 31, 1898, and taking effect immediately, so far as concerns the question here presented, the Civil Service Law of 1883 * was amended by providing that "if a person holding a position subject to competitive examination in the civil service of the State or of a city, shall be removed or reduced, the reasons therefor shall be stated in writing and filed with the head of the department or other appointing officer, and the person so removed or reduced shall have an opportunity to make an explanation."

It is now settled by authority that this act applied to the city of New York (*People ex rel. Leet* v. *Keller*, 157 N. Y. 90; *People ex rel. Fleming* v. *Dalton*, 158 id. 175), and that those at the time holding classified competitive positions in municipal service were, in the event of a removal or reduction, entitled to the benefits of said act of 1898, and had the right to know the "reasons therefor," and also to "an opportunity to make an explanation." (*People ex rel. Terry* v. *Keller*, 158 N. Y. 187; *People ex rel. Warschauer* v. *Dalton*, 159 id. 235; *People ex rel. Strahan* v. *Feitner*, 29 Misc. Rep. 702.) This applied to the plaintiff and his position, if the reduction of the amount of his salary is within the contemplation of the statute, for in his case the salary was reduced on May 1, 1898, a month subsequent to the enactment of 1898.

The language of the act is "removed or reduced," and we see that plaintiff was not removed, nor was he reduced in the character or designation of his position, for he is still performing the same duties under the same designation, that of bookkeeper.

The command of the charter (§ 1536) was that plaintiff and all similarly situated in the service of the municipalities so consolidated, their positions not having been vacated or abolished, "shall continue to hold their respective positions, without prejudice or advantage." It also provided in the same section for a plan of transfer and provided that "said plan shall also provide for the apportionment between the several public departments, bureaus and offices and the assignment to service in said public departments

---

* Laws of 1883, chap. 354, § 13.—[REP.

bureaus and offices respectively, so far as practicable, of all the sub-ordinates and employes in every branch of the public service, in each of the several municipal and public corporations hereby con-solidated, in such manner that each person shall be assigned, as nearly as may be, without prejudice or advantage, to perform the same service, \* \* \* and to hold the same relative rank or position \* \* \* as he performed and held at the time said plan of apportionment and assignment is determined upon." The same section of the charter also provided that " the persons named therein shall be deemed to hold and shall hold the respective posi-tions to which they may be assigned \* \* \* until removed, as herein provided, and their assignment to service shall not be deemed or construed to be a new appointment or reappointment, but shall be deemed to be and shall be a continuation of the appoint-ment and employment theretofore held by them. \* \* \*."

Thus, the plaintiff was to be continued and was in fact continued in his position as bookkeeper at $2,400 a year; such continuation was to be and thus was, until the reduction of salary, " without prejudice or advantage." The salary was an incident to the posi-tion, and belonged to the holder thereof until he was removed, in the manner as by the charter provided (§ 1536); he was entitled to such salary until there had been a legal reduction thereof, or until he had been legally reduced in position. To reduce the salary would be to his prejudice, and consequently his continuation in the position at such reduction would not be " without prejudice or advantage."

It will be seen that chapter 186 of the Laws of 1898 (amdg. Laws of 1883, chap. 354, § 13) is not limited by express language to a reduction in position or character of employment, that is, from one grade to a lower one, but is general, and applies to every situation fairly to be contemplated within the plain significance and ordinary meaning of the word " reduced;" if a reduction in salary as great as thirty-seven and one-half per cent is not within the purview of that section, then plaintiff is without remedy, for the head of the depart-ment had the power " to fix and regulate, within the limits of his appropriation and subject to the restrictions, if any, hereinbefore prescribed, the salaries and compensation of said subordinates, appointees and employes." (Charter, § 1536.) And again we see

by section 1543 of the charter that "the number and duties of all officers and clerks, employes and subordinates in every department, except as otherwise herein specially provided, with their respective salaries, whether now fixed by special law or otherwise, shall be such as the heads of the respective departments shall designate and approve, but subject also to the revision of the board of estimate and apportionment; * * *." No revision of such reduction of plaintiff's compensation by said board is shown to have been had.

The plain purpose of the civil service laws, among other things, is to protect the faithful and capable incumbents of classified competitive positions in the public service against prejudicial action on the part of heads of departments and their supervisors in public office by way of unlawful removal or reduction without an opportunity of being heard or of making an explanation.

In so far as concerns the municipal service of the city ample provision to protect, as against removals without cause other than for the public weal and in manner as by law permitted, was incorporated in the charter passed in 1897 (§ 1543), and to prevent the wrongful reduction of those holding competitive positions in the State or municipal civil service, chapter 186 of the Laws of 1898 was enacted. That act is of a remedial character, should have a literal construction, and being a general act applying to all cities, must be held to have by implication repealed all provisions in the charter inconsistent and in conflict therewith. The charter provisions and those of the enactment in question should, in so far as they are not in conflict, be read together.

The character of a municipal office or position must of necessity depend upon the duties thereof, and the compensation in amount should depend in some degree upon the importance of such office or position and the functions thereof. Thus, we find the service classified, divided in classes and grades. (See Laws of 1883, chap. 354, § 2, ¶ 2, subd. 2.)

It is a matter of common knowledge that the higher the grade and the higher the class of such service the greater is the compensation, and to reduce the compensation would be in effect, if not nominally, to reduce the incumbent to the grade for which the lesser compensation is fixed and paid. This can obtain, of course,

only after one has entered the service and has been appointed at a fixed compensation and is performing the functions of his employment. Consequently, when plaintiff's compensation as a bookkeeper for the three previous years of $2,400 a year was reduced thirty-seven and one-half per cent, or to $1,500 a year, was he not thereby reduced from the position he had theretofore held? The character of his employment was changed, not in duties it is true, but it was in compensation $900 a year, and he was not continued in the same position he had held before consolidation "without prejudice or advantage," for the reduction in salary was to his prejudice, to his disadvantage; it was to that extent a change in his position; he had been " reduced," and no " reasons therefor " were " stated in writing and filed with the head of the department," and he had no " opportunity to make an explanation."

An assignment to a lower position in the same service and at a lower rate of compensation is, without doubt, a removal from the position formerly held (*People ex rel. Callahan* v. *Board of Education*, 78 App. Div. 505; affd., 174 N. Y. 169), and such position is thereupon made vacant.

It is defendant's contention that since plaintiff still continued to perform the same duties and had the same position, that of bookkeeper, he had not been reduced, though his salary is much less than before; in other words, because plaintiff was not reduced by being placed nominally in a lower position or grade, and at a lesser compensation, his case is not within the act of 1898, and that, therefore, plaintiff is not entitled to the benefit thereof. But, if he had been assigned to a lower position at a less salary, that would have been, as we have seen, a removal and not a reduction.

The cases of *People ex rel. Lodholz* v. *Knox* (58 App. Div. 541) and *Powell* v. *City of New York* (65 id. 421), cited by defendant's counsel, have no application to this question; they in effect hold that the civil service commissioners, under the Civil Service Law, have to do with the prescribing of rules for the classification of positions with regard to the duties thereof, and are not to consider the compensation fixed or to be fixed.

My conclusion, therefore, is that any reduction of salary or change in position not amounting to a removal, of any person in the classified competitive civil service of the city of New York at the

time of the attempted reduction of plaintiff's salary, was within the purview of the act of 1898 (Chap. 186, amdg. Laws of 1883, chap. 354, § 13), and that in making any such reduction, compliance with the provisions of said statute was a prerequisite to the validity of such action.

Judgment for plaintiff, with costs.