### SUTLIFFE v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   June 18, 1909.)

1. OFFICERS (§ 94*)—SALARY INCIDENT OF OFFICE—NECESSITY OF PERFORMING
   SERVICES.
   A public officer's salary fixed by law is an incident of his office, and
   he is entitled to it whether he performs the services or not.
   [Ed. Note.—For other cases, see Officers, Cent Dig. §§ 132, 134, 136–
   138; Dec. Dig. § 94.*]

2. OFFICERS (§ 101*)—ILLEGALLY REMOVED FROM OFFICE—ACTION FOR SALARY
   —CONDITION PRECEDENT.
   If a public officer has been illegally removed before an action will lie
   for salary he must be reinstated by proceedings in the nature of quo war-
   ranto.
   [Ed. Note.—For other cases, see Officers, Dec. Dig. § 101.*]

3. MUNICIPAL CORPORATIONS (§ 162*)—OFFICER ILLEGALLY REMOVED FROM OF-
   FICE—SALARY PAID TO DE FACTO—ACTION FOR RECOVERY—PERSONS LIA-
   BLE.
   If a city officer's salary has been paid to a de facto officer during the
   period of his separation from the service by an illegal removal from of-
   fice, he cannot recover the amount of the city, but has a right over against
   the de facto officer for the amount.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
   357, 361–363; Dec. Dig. § 162.*]

4. MUNICIPAL CORPORATIONS (§ 165*)—MANDAMUS (§ 77*)—CITY CLERKS AND
   SUBORDINATES IN NEW YORK CITY—NATURE OF POSITIONS—ILLEGAL RE-
   MOVAL FROM OFFICE—REINSTATEMENT AND RECOVERY OF SALARY.
   While city clerks and subordinates, who are protected in their posi-
   tions by the New York City charter, which forbids their removal with-
   out notice and opportunity to be heard, and by the veteran and civil serv-
   ice laws, are not public officers, yet they are a class of public servants
   whose tenure is made stable, their term of employment indefinite, and
   subject only to termination by prescribed methods, and they have a right
   to proceed by mandamus for reinstatement when illegally removed, and
   such reinstatement is a condition precedent to an action for salary for
   the period covered by an illegal removal.
   [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
   165;* Mandamus, Cent. Dig. § 167; Dec. Dig. § 77.*]

5. MUNICIPAL CORPORATIONS (§ 220*)—MINOR EMPLOYÉS IN NEW YORK CITY
   —RECOVERY OF PAY AS DEPENDING ON WORK PERFORMED.
   In New York City there is a class of public employés whose pay de-
   pends on work performed, and who cannot therefore recover unless for
   services actually rendered.
   [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
   220.*]

6. MUNICIPAL CORPORATIONS (§ 220*)—DEPARTMENT EMPLOYÉS OF NEW YORK
   CITY—RECOVERY FOR SERVICES ON REINSTATEMENT AFTER REMOVAL—RIGHT
   TO OFFSET EARNINGS IN OTHER EMPLOYMENT.
   While a department clerk or subordinate in the classified civil service
   of New York City is entitled to recover his salary on being reinstated
   after having been illegally removed, the city may offset against recov-
   ery amounts earned by the employé, as is the case with a private em-
   ployer, and so, where it is conceded in such a case that for the period
   in suit he had received in other employment more than the amount for
   which he sued the city, the direction of a verdict in his favor was error.
   [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
   220.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by Robert S. Sutliffe against the City of New York to recover salary. From a judgment for plaintiff entered on a directed verdict, and from an order denying a new trial (61 Misc. Rep. 514, 115 N. Y. Supp. 186), defendant appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Francis K. Pendleton, Corp. Counsel (Theodore Connoly, of counsel and Royal E. T. Briggs, on the brief), for appellant.

Spencer, Ordway & Weirum (Samuel H. Ordway, of counsel), for respondent.

CLARKE, J. On April 11, 1906, the plaintiff procured an alternative writ of mandamus to be issued out of the Supreme Court which recited that whereas the plaintiff alleged that on March 1, 1901, after duly and successfully taking the required civil service examination therefor he was duly promoted to the position of sixth-grade clerk in the department of parks, which was a position subject to competitive examination, and that his salary was duly fixed at the rate of $2,000 per annum, and that the duties which he performed were those of a regular clerk, and that he was discharged on January 22, 1904, contrary to the provisions of section 1543 of the Greater New York charter (Laws 1901, p. 636, c. 466), in that no opportunity was given to him to make an explanation. The said alternative writ commanded the commissioners of parks to forthwith reinstate relator to the position of sixth-grade clerk in the department of parks in the city of New York formerly held by him at a salary of $2,000 per annum, or show cause why the command in the writ ought not to be obeyed. A return having been filed to said writ, the issues came on for trial, and the relator obtained a verdict, whereupon and on January 8, 1907, a peremptory writ was issued commanding the commissioners to forthwith reinstate and re-employ said relator in the position of sixth-grade clerk in the department of parks, formerly held by him. An appeal was taken to this court, which affirmed the final order granting the peremptory writ of mandamus by order entered June 21, 1907. 120 App. Div. 879, 105 N. Y. Supp. 1138. On July 29, 1907, he was reinstated, and within two or three days thereafter he resigned.

The plaintiff testified on this trial that after his discharge he entered the employ of the New York Telephone Company, where he still is, and that during the period covered by this suit he received from the New York Telephone Company more than the amount of his claim here.

This action is to recover $7,049.23, being the salary at the rate of $2,000 a year from January 22, 1904, to the date of his reinstatement. The trial court directed a verdict for the full amount, with interest, and, from the judgment entered thereon and the order denying a new trial, the city appeals.

The judgment in the mandamus proceeding conclusively establishes that the plaintiff was a regular clerk in the sixth grade within the

classified civil service in the competitive class at a salary of $2,000 per annum, and that he was improperly removed for a violation of the provisions of the section 1543 of the revised charter (chapter 466, p. 636, Laws 1901), which provides:

"But no regular clerk or head of a bureau or person holding a position in the classified municipal civil service, subject to competitive examination, shall be removed until he has been allowed an opportunity of making an explanation."

The question presented upon this appeal is whether the city is entitled to offset, in an action to recover the salary attached to the position during the period of illegal removal, the amounts earned by the plaintiff in other occupations.

The respondent claims that it has not, that the salary is an incident of the position, and that being entitled to the position, he was entitled to the salary whether services were rendered or not, and without offset or deduction, and that to this position should be applied the rule of law applicable to public officers where it is conceded that the salary is an incident of the office. The appellant claims that subordinate positions in the public service do not come under that rule; that the action is of the nature of an action for damages for breach of a contract of employment, where the damages are measured by the agreed compensation, but are subject to offset for moneys earned elsewhere. This is the rule so far as private employment is concerned, and the appellant claims that such rule should be here applied.

The respondent advances a somewhat fanciful argument, that, irrespective of other considerations, inasmuch as the law of the state governing the civil service contemplates stability of employment, when public officers, in disregard of statutory provisions, unlawfully discharge employés, the city should be compelled to pay the full amount of the unearned salaries, so that the officers having the power of appointment and removal may be forced to obey the law. If the action was directed against the officer so offending, that argument might be worthy of consideration, but, as it is, the effect would be to fine the city for the improper act of one of its officers in order to give to a removed employé, who has suffered no pecuniary damage by reason of his removal, a gratuity by way of smart money. That argument does not impress us.

I think, from an examination of the authorities in this state, that the following propositions may be held to have been established: First, in the case of a public officer his salary fixed by law is an incident of his office, and he is entitled to the same whether he performs the services or not. Fitzsimmons v. City of Brooklyn, 102 N. Y. 536, 7 N. E. 787, 55 Am. Rep. 835; Gregory v. Mayor, 113 N. Y. 416, 21 N. E. 119, 3 L. R. A. 854; Emmitt v. Mayor, 128 N. Y. 117, 28 N. E. 19. If he has been illegally removed from office, he must first, by appropriate proceedings in the nature of quo warranto, be reinstated therein before an action will lie for such salary. If it shall appear that during the period of his separation from the service his salary has been paid to a de facto officer, he cannot recover the amount from the city, but has a right of action over against said officer for money had and re-

ceived. Dolan v. Mayor, 68 N. Y. 274, 23 Am. Rep. 168; McVeany v. Mayor, 80 N. Y. 190, 36 Am. Rep. 600; Nichols v. McLean, 101 N. Y. 526, 5 N. E. 347, 54 Am. Rep. 730; Hagan v. City of Brooklyn, 126 N. Y. 643, 27 N. E. 265. Second, that clerks and subordinates who are protected in their positions by (a) the provisions of the charter which forbid their removal without notice and an opportunity to be heard, (b) by the veteran laws, and (c) by the civil service laws covering positions in the classified service, subject to competitive examination, while not public officers, yet are a class of public servants whose tenure is made stable, their term of employment indefinite, and subject only to be put an end to by certain prescribed methods and procedure, and that such clerks and subordinates have the right of proceeding by mandamus to procure reinstatement when illegally removed, and that a reinstatement of such clerks and subordinates is a condition precedent to an action for salary for compensation for the period covered by the illegal removal. Peo. ex rel. Corkill v. McAdoo, 98 App. Div. 312, 90 N. Y. Supp. 689; Peo. ex rel. Hoefle v. Cahill, 188 N. Y. 489, 81 N. E. 453. Third, that there is a class of employés in minor positions whose pay does depend upon work performed, and who cannot therefore recover unless for services actually rendered. Terhune v. Mayor, 88 N. Y. 247; Higgins v. Mayor, 131 N. Y. 128, 30 N. E. 44; Cook v. Mayor, 9 Misc. Rep. 338, 30 N. Y. Supp. 404, affirmed 150 N. Y. 578, 44 N. E. 1123.

So far as the second class above enumerated is concerned, I think it clear they are not public officers. If they were, as pointed out in numerous cases, mandamus to procure reinstatement would not lie, but they would be required to proceed by an action quo warranto. If, however, they have been unlawfully removed and then reinstated, they have a cause of action. The exact nature of that action does not seem to have been clearly defined. As they are not public officers, the action was obviously not to recover salaries incident to that office. Their relation to the city is not entirely contractual in its nature. They have no vested right which prevents the abolishment of the position or change of salary, except as governed by the provisions of law. To these positions, in the exercise of public policy, is attached the principle that the city will not be obliged to pay twice for the same service. Payment to the de facto occupant is a defense to the action of the de jure occupant, as in the case of a public officer. Admitting the fact that such clerks and subordinates obtain appointment and promotion in accordance with the provisions of law, and that they have a certain stability of employment, that they cannot be discharged except in conformity to law, and are entitled to reinstatement, I can see no reason in principle why the question of what they are entitled to recover on being reinstated should not be governed by the rule applicable in actions for damages for breach of contract of employment, with this difference, that in the public service the courts have established the proposition that the discharged employé must first be reinstated before he may recover at all. The amount of recovery will then be prima facie the amount of salary or compensation fixed by law or regulation, and if the plaintiff proves the breach, which is established of course by the proof of his reinstatement, then he will be entitled to that amount,

subject, however, to the public policy which says that, if the public employer has once paid for services to the one.rendering them, it will not be held.liable again to the one who ought to have been allowed to render them. Looked at in this light, it is quite clear that the city may offset against such damages amounts earned, as is the case with a private employer, for it is the duty of the discharged employé to reduce his damages, and he is to recover only for his loss, and not by way of fine, amercement, or gratuity. In Gutheil v. City, 119 App. Div. 20, 103 N. Y. Supp. 972, a new trial was granted in a suit by a member of the uniformed force of the street cleaning department to permit evidence of earnings when out of the service to be proved as an offset, and the subsequent judgment with such deduction was affirmed (129 App. Div. 891, 113 N. Y. Supp. 1133).

It is quite impossible to reconcile all the cases upon this subject. Many of them were mandamus cases, where, the one point in issue being reinstatement, incidental questions were alluded to without the force of authority. In others, questions have gone up upon dismissals of the complaint or upon demurrer, where the precise question of how much might be recovered has not been before the court. Recognizing the want of harmony in the cases, and that a plausible, and perhaps strong, argument may be made in support of the contention of the respondent, nevertheless we are convinced, the question being squarely presented in the case at bar, that it is our duty to deal with it on principle, and, so dealing with it, we are unable to perceive why the rule as regards public employment in regard to those positions which are not within the accepted definition of public officers should differ from that applied in private employment.

Therefore, as the plaintiff conceded that for the period in suit he had received in other employment more than the amount for which he sued the city, the direction of a verdict in his favor for the amount claimed was error.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.