PEOPLE ex rel. COLLINS v. McANENY et al.

(Supreme Court, Special Term, New York County. February 29, 1912.)

1. MANDAMUS (§ 181*) — PEREMPTORY WRIT — PROCEEDINGS — OBJECTIONS TO REMEDY.

　　Where an alternative writ of mandamus was issued to compel relator's reinstatement in a position from which he had been removed, and the facts set up by the writ had been found on a trial of the issues joined, the legal sufficiency of the case so alleged must be taken as established for the purposes of an application for the peremptory writ, and respondent could not urge that, because of the appointment of another person to the position, relator's remedy was by quo warranto.

　　[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 401–404, 406, 408, 409, 418; Dec. Dig. § 181.*]

2. MANDAMUS (§ 16*)—DEFENSES—WRONGFUL REMOVAL FROM OFFICE—ABOLITION OF OFFICE.

　　It was no defense to mandamus to compel relator's reinstatement in a position from which he had been wrongfully removed that the position had been abolished subsequent to the removal; a final order for reinstatement being a condition precedent to recovery of his accrued salary.

　　[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 48, 59, 60; Dec. Dig. § 16.*]

3. MUNICIPAL CORPORATIONS (§ 142*)—EMPLOYÉS—"OFFICE."

　　Greater New York Charter (Laws 1901, c. 466) § 1549, provides that any person holding office, whether by election or appointment, who dur-

ing his term of office shall accept, hold, or retain any other civil office of trust or emolument under the government of the state, or who shall hold or accept any other office connected with the government of the city of New York, shall be deemed thereby to have vacated any office held by him under the city government. *Held*, that the word "office" as so used was limited by the words "term of office" so as to refer only to an office of a public character having a definite term, not including that of the superintendent of the bureau of highways who was an employé, rather than an officer, and hence the fact that, after relator was wrongfully removed from such position, he accepted an appointment as commissioner of estimate and appraisal in a street opening proceeding, was not a waiver of his right to his former position.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 314; Dec. Dig. § 142.*

For other definitions, see Words and Phrases, vol. 6, pp. 4921–4931; vol. 8, p. 7736.]

Mandamus by the People, on relation of one Collins, against one McAneny and others. Judgment for plaintiff.

See, also, 155 App. Div. 923, 140 N. Y. Supp. 1138.

John W. Browne, of New York City, for plaintiff.
A. R. W. Watson, Corp. Counsel, of New York City, for defendant McAneny.
O'Gorman, Battle & Marshall, of New York City, for defendant Scannell.

BISCHOFF, J.   All the facts necessary to establish the relator's right to reinstatement having been found upon the trial of the issues joined upon the alternative writ, a peremptory writ is to issue unless certain facts set up by the respondent and found by the jury may be availed of to defeat the case.

[1] So far as it is claimed that reinstatement should be sought by quo warranto proceedings, because of the appointment of another person to the position from which the relator was removed, the facts were set up by the alternative writ and the legal sufficiency of the case, so alleged, must be taken as established for the purposes of the present application by the determination announced upon demurrer to that pleading. People ex rel. Collins v. Ahearn, 193 N. Y. 441, 86 N. E. 474.

[2] The further contention that reinstatement should not be directed to a position abolished subsequent to the date of the relator's unlawful removal overlooks the rule that the relator is entitled to a writ of mandamus in order that his rights with respect to the salary which has accrued may be defined. A final order for reinstatement is a condition precedent to a recovery of this salary by suit. Sutliffe v. City of N. Y., 132 App. Div. 831, 835, 117 N. Y. Supp. 813.

[3] The remaining question presented is whether by accepting an appointment as commissioner of estimate and appraisal in a street opening proceeding after his removal the relator abandoned his right to the employment from which he was removed; it being contended by the respondent that section 1549 of the charter applies. This section provides:

"Any person holding office, whether by election or appointment, who shall during his term of office, accept, hold, or retain any other civil office of honor, trust, or emolument under the government * * * of the state * * * or who shall hold or accept any other office connected with the government of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

city of New York, * * * shall be deemed thereby to have vacated any office held by him under the city government."

In my opinion the statute does not apply to the relator's employment as superintendent of the bureau of highways. While the word "office" is sufficiently broad in its possible application to embrace any employment where duties are to be performed, the words "during his term of office" limit the meaning to an office of a public character having a definite term. Certainly the words do not reasonably describe an appointee whose duties are to render assistance to a public officer under his direction, for no described "term of office" which could measure the duration of the employment. The relator is to be classed as an employé rather than as an officer within this section of the charter. See Padden v. City of New York, 45 Misc. Rep. 517, 92 N. Y. Supp. 926. Assuming, therefore, that the words "holding office" could be intended to apply to an officer removed but claiming reinstatement, and that the commissionership of estimate was a "civil office of trust under the government of the state," the statute has no bearing upon the present case in view of the nature of the position to which reinstatement is sought.

I conclude that the relator is entitled to a peremptory writ as prayed. Final order may be presented accordingly.