(77 Misc. Rep. 553.)

### In re GRIFFIN.

(Supreme Court, Special Term, Kings County. September, 1912.)

MUNICIPAL CORPORATIONS (§ 218*)—TRANSFER OF CITY EMPLOYÉ—REINSTATEMENT—MANDAMUS.

    A stoker or fireman in a highway department was transferred to another plant, and on reporting for duty found it closed, and the same day was suspended because of reduction of the force, and his name placed on the preferred eligible list. *Held*, that he was not entitled to mandamus to compel reinstatement, though a stoker at the plant to which he had been transferred had been sent to the plant at which relator was employed, and was doing the work formerly done by relator.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 589-598; Dec. Dig. § 218.*]

Application by Edward Griffin for writ of mandamus to James C. Creelman and others. Denied.

Thomas F. Tevlin, of Jamaica, for relator.
Archibald R. Watson, Corp. Counsel, and Edward S. Malone, Asst. Corp. Counsel, both of New York City, for respondents.

KELBY, J. The relator was a stoker or fireman in the highway department, borough of Queens, at the Far Rockaway disposal works. On April 29, 1912, he was transferred to the Jamaica disposal plant and reported there next day. He found the plant closed, and on the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

same day he was suspended, with other persons, "owing to reduction 'n force at the Jamaica disposal plant," and his name was then placed on the preferred eligible list, where it now remains, to be certified for work when requisition is made therefor. It also appears that on May 1st another man, who had previously been employed as a stoker at the Jamaica works, was transferred to the Far Rockaway plant, and is there doing the work previously done by the relator. He claims that his transfer under these circumstances was a removal by subterfuge, without charges, and a violation of section 1543 of the charter (Laws 1901, c. 466).

Construing the facts most strongly in his favor, and assuming that it was known at the time of transfer that there would be nothing for him to do at the Jamaica plant and that he would be at once suspended, still it was the right and the duty of the superintendent to make such rearrangements of his working force as seemed proper and economical to him. People ex rel. Patten v. Waring, 62 N. Y. Supp. 966. "In such case now the employé is not removed. By operation of law the petitioner was suspended without pay, and his only right was to have his name certified * * * for reinstatement when necessary." People ex rel. Levenson v. Wells, 78 App. Div. 373, 377, 79 N. Y. Supp. 728, 730. The relator had no vested right or franchise to continued employment, and the cases dealing with the ostensible abolition of an office and its immediate re-creation under another name with a new incumbent do not apply.

The opinion of Mr. Justice Maddox in Waters v. City of N. Y., 43 Misc. Rep. 154, 88 N. Y. Supp. 238, is not intended to be an authority for any general rule or holding "that any reduction of salary or change in position is tantamount to a removal where it operates to the detriment of the employé," as claimed by the relator. That case merely held that a bookkeeper of the old city of New York, who was required by a section of the consolidating charter, not applicable to the case at bar, to be continued in the service of the consolidated city "without prejudice or advantage," could not be subjected to a sharp decrease in salary while he continued to perform the duties of the same place under the same designation.

Motion denied, with costs.