(81 Misc. Rep. 340.)

## In re DOOLEY.

(Supreme Court, Special Term, Queens County. June 7, 1913.)

1. MUNICIPAL CORPORATIONS (§ 218*)—CIVIL SERVICE OFFICERS—VOLUNTEER FIREMEN.

If petitioner was appointed to the position of stationary engineer in the Jamaica disposal plant as a distinct position, and not appointed generally as a stationary engineer in the bureau of sewers or department of public works, and merely assigned to duty in the Jamaica disposal plant, he is not entitled to reinstatement, though he is a veteran volunteer fireman; but, if he was appointed generally, he is entitled to reinstatement, since, where there are several employés in a department belonging to one class, and a reduction of the force is necessary, those not veterans must be removed or suspended first.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 218.*]

2. MANDAMUS (§ 160*)—ALTERNATIVE WRIT—PRAYER FOR RELIEF.

Since, under Code Civ. Proc. § 2067, an alternative writ of mandamus may be granted ex parte, the court had power to grant an alternative writ upon denying a peremptory writ, though the alternative writ was not specially prayed for.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 326–335; Dec. Dig. § 160.*]

In the matter of the application of John Dooley for a writ of mandamus, directed to James C. Creelman, president, and Richard Welling and another, composing the Municipal Civil Service Commission of the City of New York, and to Denis O'Leary, Commissioner of Public Works, of the Borough of Queens, City of New York. Alternative writ granted, and motion for peremptory writ denied.

Gillen & Weller, of Jamaica, for the motion.

Archibald R. Watson, Corp. Counsel, of New York City (Edward S. Malone, of New York City, of counsel), opposed.

BENEDICT, J. [1] This is a motion for a writ of mandamus to procure the reinstatement of petitioner in the position of stationary engineer in the bureau of sewers, department of public works, in the borough of Queens. Without reciting all the facts, it is sufficient to say that the right of the petitioner to reinstatement depends upon the determination of the question whether he was appointed to the position of stationary engineer in the Jamaica disposal plant as a distinct position, or whether he was appointed generally as a stationary en-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gineer in the bureau of sewers or in the department of public works, and merely assigned to duty in the Jamaica disposal plant, which was shut down. If the former was the case, then, notwithstanding that he is a veteran volunteer fireman, he is not entitled to reinstatement. Matter of Breckenridge, 160 N. Y. 103, 54 N. E. 670; People ex rel. Chappel v. Lindenthal, 173 N. Y. 524, 66 N. E. 407. If, however, the latter is the case, he is entitled to reinstatement; for, where there are several employés in a department or bureau belonging to one class and not holding distinct positions, and a reduction of the number of such employés becomes necessary or proper for economy or other reasons, those who are not veterans must be removed or suspended first. Matter of Stutzbach v. Coler, 168 N. Y. 416, 61 N. E. 697; People ex rel. Chappel v. Lindenthal, 173 N. Y. at page 529, 66 N. E. 407; Matter of Pratt v. Phelan, 67 App. Div. 349, 73 N. Y. Supp. 823. The allegation of the petition that the petitioner was employed generally as an engineer in the bureau of sewers is controverted by the answering affidavit.

I think, therefore, that the petitioner should have an alternative writ of mandamus to try out the issue of fact thus raised. The decision of Mr. Justice Van Siclen, restoring one Craig to the position from which he was suspended to make possible the retention of this petitioner, need not embarrass the court in this proceeding, because, so far as I can see, the full facts were not presented to Mr. Justice Van Siclen. Had they been, I assume that he would not have decided as he did; for Mr. Justice Kelby, upon the application of a fireman who stood in exactly the same position as Craig, or, at least, in no better position, denied the applicant reinstatement. Matter of Griffin, 77 Misc. Rep. 553, 138 N. Y. Supp. 128.

[2] Although an alternative writ was not specially prayed for, the court has power to grant it on denying the peremptory writ. Matter of Jones v. Willcox, 80 App. Div. 167, 170, 80 N. Y. Supp. 420. Indeed, such an alternative writ may be granted ex parte. Code Civ. Proc. § 2067.

Motion for peremptory writ of mandamus denied; motion for alternative writ granted. Ten dollars costs to petitioner to abide the event of the proceedings upon the writ. Settle order on notice.