### PEOPLE ex rel. DAVIDSON v. WILLIAMS, Water Com'r.

(Supreme Court, Special Term, Kings County. May 2, 1914.)

1. MANDAMUS (§ 77*)—RESTORATION TO OFFICE—CIVIL SERVICE—STATUTE.

Under Civil Service Law (Consol. Laws, c. 7) § 22, which provides that no person holding a position by appointment or employment in any city, who is a veteran volunteer fireman, shall be removed except for incompetency, etc., and that if the position is necessarily abolished for reasons of economy, etc., he shall not be discharged, but transferred to the branch he is fitted to fill at the same compensation, or, if suspended, placed upon a list to be certified for reinstatement before certifying from any other list, and giving a writ of mandamus to enforce rights thereunder, a veteran volunteer fireman was entitled to preference in retention in his employment as one of a class of laborers when there was a general reduction in the force for reasons of economy, so that where non-veterans of that class were retained he was entitled to mandamus to restore him to his employment; it being no answer to say that he was retained on a list from which he might be appointed to future employment.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 161–169; Dec. Dig. § 77.*]

2. COURTS (§ 89*)—RULES OF DECISION—STARE DECISIS.

The doctrine of stare decisis does not relieve a judge of responsibility in a case when no decision has been rendered by a court of last resort or when no conclusive reason is given for the decision reached.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 311, 312; Dec. Dig. § 89.*]

Application for mandamus by the People, on the relation of Elbert T. Davidson, against William Williams, as commissioner of the department of water supply, gas, and electricity of the city of New York. Application granted.

Davison & Underhill, of Brooklyn, for plaintiff.
Frank L. Polk, Corp. Counsel, of New York City, for defendant.

KELLY, J. [1, 2] It seems to me that the only question involved in this matter is one of law, to wit, whether a veteran volunteer fireman is entitled to preference in retention in his employment as one of a class—one of a number of laborers—when there is a general reduction in the force for reasons of economy. That is, whether, in reducing the force, those laborers who are not veterans should be discharg-

ed first. If there is such a preference, the relator should be restored to his employment, because it is conceded that, the reduction in the force of laborers having been made, the relator is out of work while his fellow laborers, members of the same gang or division and doing identically the same work, who are not veteran volunteer firemen or veterans of any class favored by the civil service law, are still retained. I do not think it is serviceable to discuss the claim that relator has not been discharged and is only suspended; that his name is on a preferred list of some kind from which he will be assigned to work when necessity arises. Because it is admitted that he is out of work, losing his daily wages, and if he is right in his claim, it is no answer to say that he may be employed in the future. I do not understand the obiter statement of the court in Cottam v. City of New York, 74 Misc. Rep. 67, 131 N. Y. Supp. 617, that:

"The cases holding that military and naval veterans have a preference over nonveterans, not only as to appointment but also as to employment, to the extent of requiring the latter to be first discharged to create vacancies for the formers' benefit in the event of lack of work or of funds, have not yet been extended to volunteer firemen."

This decision has been followed under the doctrine of stare decisis in two Special Term cases in New York county. People v. McAneny (Sup.) 144 N. Y. Supp. 121; Hurlbutt v. Cromwell, 147 N. Y. Supp. 1035. My respect for the rule of stare decisis and for the learned justices who wrote in the cases referred to would lead me to follow their interpretation of the statute; but we have been recently admonished that the doctrine of stare decisis does not relieve a judge of responsibility in a case like this, when no decision has been rendered by the court of last resort, or when no conclusive reason is given for the decision reached. Montrose v. Baggott, 161 App. Div. 494, 146 N. Y. Supp. 649. No reason is given for the statement that the preference in retention in employment accorded to the veterans of the Civil War has not been extended to the veterans of the Spanish War and the veteran volunteer firemen. Why not? Is not this the specific requirement of section 22 of the civil service law?

"Sec. 22. Power of removal limited.—Every person whose rights may be in any way prejudiced contrary to any of the provisions of this section shall be entitled to a writ of mandamus to remedy the wrong. No person holding a position by appointment or employment in the state of New York or in the several cities, counties, towns or villages thereof who is an honorably discharged soldier, sailor or marine, having served as such in the Union army or navy during the war of the rebellion, or who is an honorably discharged soldier, sailor or marine, having served as such in the voluntary army or navy of the United States during the Spanish war or who shall have served the term required by law in the volunteer fire department of any city, town or village in the state, or who shall have been a member thereof at the time of the disbandment of such volunteer fire department shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such employé or appointee to a review by a writ of certiorari. If the position so held by any such honorably discharged soldier, sailor or marine or volunteer fireman shall become unnecessary or be abolished for reasons of economy or otherwise, the said honorably discharged soldier, sailor or marine or volunteer fireman holding the same shall not be discharged from the public service, but shall be

transferred to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor, and it is hereby made the duty of all persons clothed with power of appointment to make such transfer effective."

This is not a case where the respondent is asked to create a vacancy or to discharge some other competent workman in order to give the relator work. The work in which relator's gang was engaged still remains to be done. It is going on daily. This is not a case where the relator filled any special office or position. He was one of a class, all engaged in similar work. The respondent has removed or suspended the veteran relator under color of reducing the force, and has transferred to the same force from other occupations, men entitled to no statutory preference. No adequate reason is given for the conceded preference in retention in employment given to these fortunate individuals. The respondent questions whether the protection of this statute applies to veteran volunteer firemen, but alleges that relator's name is registered somewhere so that he has preference in re-employment when opportunity offers. But why should he retain fellow workmen of the relator in the actual service with the tangible results of the daily wages, who are granted no preference by the law? I do not understand it. Every argument making for the conceded preferential right of a veteran of the Civil War, to retention in employment, applies to the veteran firemen. The court has nothing to do with the wisdom of the law, or the motives of the Legislature in enacting it. It is said that the rights of the Civil War veterans are recognized in the Constitution, and that to deny them preference in retention in employment would be to render nugatory the intention of the framers of the Constitution and the legislative command. This same reasoning appears to apply to the veteran firemen. There is no question in the case at bar, as to the bona fides of relator's claim to be a veteran volunteer fireman within the meaning of the statute. This is not a contest between a veteran volunteer fireman and a veteran soldier or sailor of the Civil War. The assertion of relator's right interferes with no one granted a preference under the law. It means that, unless we are to shut our eyes to the plain language of the statute and the intention of the Legislature and the policy of the state towards these veteran firemen and veterans of the Spanish War, the relator should have been retained and the nonveterans laid off first. This appears to be Judge Benedict's conclusion in Matter of Dooley, 81 Misc. Rep. 340, 142 N. Y. Supp. 366, citing Stutzbach v. Coler, 168 N. Y. 416, 61 N. E. 697. There is nothing in the claim that relator held any fixed position which has been abolished. That was the ground of the decision in the Lindenthal Case, 173 N. Y. 524, 66 N. E. 407, cited by the learned counsel for respondent. The relator here was one of a class of laborers.

Again, the provisions of the statute (section 22, Civil Service Law, supra), on which the respondent seeks to justify relator's so-called suspension and the placing of his name on a list for preference in reappointment, is:

"If the position so held by any such honorably discharged soldier, sailor or marine or volunteer fireman shall become unnecessary or be abolished for reasons of economy or otherwise, the said honorably discharged soldier, sailor

or marine or volunteer fireman holding the same shall not be discharged from the public service, but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor, and it is hereby made the duty of all persons clothed with power of appointment to make such transfer effective. The burden of proving incompetency or misconduct shall be upon the person alleging the same. In every county of the state wholly included within the limits of a city but not comprising the whole of such city, no regular clerk or head of a bureau or person holding a position in the classified state civil service, subject to competitive examination, shall be removed until he has been allowed an opportunity of making an explanation; and in every case of removal the true grounds thereof shall be forthwith entered upon the records of the department of the office in which he has been employed, and a copy filed with the state civil service commission. In case of a removal, a statement showing the reasons therefor shall be filed in the department or office where such clerk, head of a bureau or person had been employed. Whenever such offices, positions or employments in every county of the state hereinbefore specified are abolished or made unnecessary, it shall be the duty of the head of the department or office in which such persons had been employed, to furnish the names of the person or persons affected to the state civil service commission, with a statement in the case of each of the date of his original appointment in the service. It shall be the duty of the state civil service commission forthwith to place the names of said persons upon a list of suspended employés for the office or position or for the class of work in which they have been employed, or for any corresponding or similar office, position or class of work, and to certify the said persons for reinstatement or re-employment in the order of their original appointment before making certification from any other list. The failure of any person on any such list for reinstatement or re-employment to accept after reasonable notice, an office or position in the same county and at the same salary or wages as the position formerly held by him, shall be held to be a relinquishment of his right to reinstatement as herein stated. Nothing in this section shall be construed to apply to the position of private secretary, cashier or deputy of any official or department."

I think it is apparent that the position held by the relator has not become unnecessary and has not been abolished. It still continues; but other men, not veterans, are continued in it. The respondent asks: Shall we discharge a faithful employé to make room for the veteran? No; but you must not discharge a veteran who is a faithful employé to make room, or as a makeshift to continue in employment, a man who, although he may be equally efficient, has not earned the preference which the policy of the state clearly gives the veterans in the statute cited, placing them, as far as legislative command can do so, in the same category with the veterans of the Civil War. I do not understand the reference to the relator's crippled hand in the answering affidavit. He was not removed for incompetency, and there is no charge that he has not performed his duties faithfully.

I think he should be restored to work. If it is necessary to reduce the force so that the reduction reaches the veterans, then removal cannot be avoided; but, until that time, the command of the statute is that he shall not be removed.

Application granted.