JAMES W. COLLINS, Plaintiff, v. LIZZIE F. SCANNELL, as Administratrix, etc., Defendant. (Action No. 1.)

(Supreme Court, New York Trial Term, December, 1917.)

Office and officer — who not a public officer — actions — city of New York — highways.

The superintendent of highways in any of the boroughs of the city of New York is not a public officer, and one illegally removed from such office cannot maintain an action for money had and received to recover the amount of salary paid to defendant's testator while he occupied the office from which plaintiff had been ousted.

ACTION for money had and received.

John W. Browne, for plaintiff.

O'Gorman, Battle & Vandiver, for defendant.

COHALAN, J. Plaintiff, in an action for money had and received, sues the defendant's testator to recover the sum of $24,166.68. This money represents salary received by George F. Scannell, now deceased, while he occupied, from the 25th of January, 1904, to the 1st day of December, 1908, the position of superintendent of highways in the borough of Manhattan, and from which the courts have decided the plaintiff was illegally removed on or about the 1st day of January, 1904. The plaintiff asserts that the money paid to the

defendant's testator was a salary incident to the position of superintendent of highways; that it legally belonged to him, and that such payment to a *de facto* officer is a bar to any recovery against the city of New York. If the position over which there has been so much contention is a public office, then the *de jure* officer is right and may follow the salary attached to the office and recover it from the *de facto* officer. But in this case the courts have held that the superintendent of highways is not a public officer. In *People ex rel. Collins* v. *McAneny,* 144 N. Y. Supp. 121, 123; affd., 155 App. Div. 923; affd., 209 N. Y. 525, the court said: " While the word ' office ' is sufficiently broad in its possible application to embrace any employment where duties are to be performed, the words ' during his term of office ' limit the meaning to an office of a public character having a definite term. Certainly the words do not reasonably describe an appointee whose duties are to render assistance to a public officer under his direction, for no described ' term of office ' which could measure the duration of the employment. The relator is to be classed as an employee rather than as an officer within this section of the charter." In the case of *Sutliffe* v. *City of New York,* 132 App. Div. 831, the court classified municipal employment into three groups — *first,* public officers, where the salary is fixed by law as incident to the position; *second,* where clerks and subordinates are protected in their positions (a) by the provisions of the charter which forbid their removal without notice or an opportunity to be heard; (b) by the Veteran Law, and (c) by the civil service laws covering positions in the classified service, subject to competitive examination, and, *third,* a class of employees in minor positions whose compensation is dependent upon work performed and who may not recover there-

for unless for services actually rendered.   In the first class the rightful incumbent has an undoubted cause of action over the *de facto* incumbent for money had and received.   In respect, however, to the right of other employees to recover for illegal removal the court in the *Sutliffe* case said: " I can see no reason in principle why the question of what they are entitled to recover on being reinstated should not be governed by the rule applicable in actions for damages for breach of contract of employment, with this difference, that in the public service the courts have established the proposition that the discharged employee must first be reinstated before he may recover at all.   The amount of recovery will then be *prima facie* the amount of salary or compensation fixed by law or regulation, and if the plaintiff proves the breach, which is established, of course, by the proof of his reinstatement, then he will be entitled to that amount, subject, however, to the public policy which says that if the public employer has once paid for services to the one rendering them, it will not be held liable again to the one who ought to have been allowed to render them." It would seem, therefore, that whatever right the plaintiff had to recover would be the right to recover from the city on the theory that the city, by illegally ousting him from his position, had broken an existing contractual relationship.   It follows that the complaint must be dismissed.

Judgment accordingly.