(9 Misc. Rep. 569.)

### PEOPLE ex rel. McCLOSKY v. ANDREWS, Commissioner.

### PEOPLE ex rel. McNULTY v. SAME.

(Superior Court of New York City, Special Term.    September 7, 1894.)

MUNICIPAL CORPORATIONS—DISCHARGE OF LABORERS.

Laws 1892, c. 269, § 704b, which provides that no member of the clerical force of the street-cleaning department shall be removed without an opportunity to be heard, but that the commissioner may, in his discretion, on evidence satisfactory to him, dismiss a member of the uniformed force for misconduct, discriminates between the "clerical force" and the "uniformed force," and authorizes the commissioner to dismiss a member of the "uniformed force" without any hearing, or assigning any reason therefor.

Applications by Patrick McClosky and Patrick McNulty, respectively, for writs of mandamus requiring William S. Andrews, as commissioner of the department of street cleaning, to reinstate relators as drivers and members of the uniformed force in said department.    Denied.

A. & C. Steckler, for relators.

W. H. Clark and T. Connoly, for respondent.

McADAM, J.    The act of 1892 (chapter 269, § 704b) provides that:

"No member of the clerical force of the department of street cleaning shall be removed until he has been informed of the cause of the proposed removal, and has been allowed an opportunity of making an explanation, and in every case of removal, the true grounds thereof shall be entered upon the records of the department.    The commissioner of street cleaning shall have the power, in his discretion, on evidence satisfactory to him that a member of the uniformed force has been guilty of any legal or criminal offense, or neglect of duty, violation of rules, or neglect or disobedience of orders, or incapacity, or absence without leave, or conduct injurious to the public peace or welfare, or immoral conduct, or any breach of discipline, to punish the offending party by forfeiting or withholding pay for a specified time, suspension without pay during such suspension, for a period not exceeding thirty days, or by dismissal from the force,"· etc.

It will be observed that the language of the act carefully discriminates between a member of the "clerical force" and a member of the "uniformed force," by affording an opportunity to the former of making an explanation before dismissal, but dispensing with any such requirement in the case of the latter.    As regards the uniformed force, it is left to the discretion of the commissioner, on evidence satisfactory to him, to determine whether a member of that branch of the department has been guilty of any of the acts before specified; and when satisfied of the guilt of such person the commissioner has the power, without affording the offender any hearing, or assigning any reasons whatever, to dismiss him at once. Section 704a of the act expressly provides for the discrimination aforesaid by declaring that the members of the department of street cleaning shall be divided into two general classes, to be designated, respectively, the "Clerical Force" and the "Uniformed Force."    The act of 1894 (chapter 368) in no manner affects the power conferred by the act of 1892.    Members of the uniformed force take no oath of office, and are not "officers," in any sense of

that term, and, though required to pass a physical inspection, do not undergo a civil-service examination, and are treated by the law as laborers, rather than officials. If it were otherwise, it is difficult to see how discipline could be enforced.   McClosky is charged with striking a horse with a heavy whip, and with being at work without the prescribed uniform and badge; and McNulty's offense is that he drove, at a high rate of speed, a team of horses attached to a heavy truck loaded with steel cans.   Each of these matters constitutes a breach of discipline, and charges having been made to the commissioner by other officials of the department, the commissioner, by virtue of the authority vested in him by law, inquired into the accusations; and, the evidence being satisfactory to him, he summarily discharged the offenders.   This he had a legal right to do.   Hence, the relators were legally discharged, and have no cause for reinstatement.   The applications for writs of mandamus must therefore be denied, without costs.