(75 App. Div. 423.)

### DOWNS v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. CITY EMPLOYES—CONTRACT AS TO COMPENSATION—ESTOPPEL.

After the yearly compensation of city street sweepers had been fixed at $720 a year, there being an insufficiency of appropriations to meet the amount of sweeps employed, to make the appropriation extend over the whole force employed, it was agreed between the men so employed and the commissioner that each of the men should take a leave of absence for a certain time, and allow a deduction for such time from his compensation, plaintiff agreeing to take a leave of absence for one day each week. Held, that having done so voluntarily and understanding the situation, and receipted for his pay as received, he is estopped to claim adversely to his agreement.

2. SAME—LEAVE OF ABSENCE.

An agreement between the commissioner and the city street sweepers, in view of a shortage in the appropriation, that they shall take a leave of absence for a day each week, without pay, is within Charter of Greater New York, § 537, that leave of absence exceeding 20 days in a year shall not be allowed a member of the force except on condition that he release not less than half his compensation during his absence.

Appeal from trial term, New York county.

Action by Patrick Downs against the city of New York. From a judgment on a verdict directed for plaintiff (78 N. Y. Supp. 222), defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, McLAUGHLIN, and LAUGHLIN, JJ.

E. J. McGuire, for appellant.
C. Blandy, for respondent.

PATTERSON, J. The plaintiff claims that from October, 1899, to October, 1901, he was lawfully and continuously in employment

as a member of the uniformed force of the department of street cleaning of the city of New York, in the borough of Brooklyn, at a salary or compensation of $720 a year. Under a resolution of the board of estimate and apportionment of the city of New York, that amount was, on the 30th of October, 1899, fixed as the yearly compensation of street sweepers and drivers in the department of street cleaning from and after the 1st day of January, 1900. The plaintiff claims that he has not received, on account of his compensation as such employé, the sum of $138.04 remaining due and owing to him as a balance of moneys which the city of New York has neglected and refused to pay him, and has unlawfully withheld and caused to be withheld from him the said balance, being for 70 days' service, at the rate of $720 a year. As a partial defense, the city of New York sets up that the sum appropriated by the board of estimate and apportionment of the city of New York for the street cleaning department of the borough of Brooklyn in the year 1899 was insufficient to satisfy and pay all of the street sweepers therein employed at the rate of $720 per annum, and that all the money appropriated by the board of estimate and apportionment for the years 1900 and 1901 was wholly exhausted in the payment of liabilities incurred by the department during such years, and the sum claimed by the plaintiff and set forth in the complaint would be in excess of the sum so appropriated, and that consequently, pursuant to sections 1541 and 1542 of chapter 378 of the Laws of 1897, is not a charge, claim, or liability against this defendant. It is further asserted by the city, as matter of defense, that if a fixed salary were prescribed at the rate of $720 per annum the street cleaning department was entitled to deduct therefrom a certain portion of the plaintiff's pay, under section 537 of the chapter, which is in the following words: "No leave of absence exceeding twenty days in any one year shall be granted or allowed to any member of the uniformed force, except upon condition that such member shall waive or release not less than one-half of salary or compensation and claim thereto or any part thereof, during such absence;" and, further, that the plaintiff early in 1900 requested leave of absence for one day in each and every week without compensation during the year 1900, and until further notice, and such request was granted. The situation was then this: There was a law allowing $720 a year compensation to street sweepers; there was an insufficiency of appropriation to meet that amount for the number of men employed in Brooklyn; there was a provision of the statute which authorized the commissioner to deduct one-half pay of absentees from work for more than 20 days; and the proof shows that thereupon, in order to make the appropriation extend over the whole force employed in Brooklyn, it was agreed between the men so employed and the commissioner that each of the men should take a leave of absence for a certain time, and allow a deduction to be made from his compensation, and thus the whole force could be retained without any person being subjected to dismissal. This plaintiff was a party to that arrangement, and signed a paper expressing it, and gave weekly receipts for the moneys he received under it. By so doing he saved himself from possible dis-

charge, retained his place, and received ·all the benefits of his retention in service.

The question is whether or not the plaintiff is entitled to receive the full amount of $720 a year notwithstanding his action in waiving. that right, and thus placing himself in a position to be continued in the employment of the city. His consent to the arrangement was purely voluntary, and in no sense compulsory, and made under circumstances conclusively showing that he fully understood the necessity that required the arrangement to be made. Every consideration of equity, morality, and propriety requires that he should be regarded as estopped from claiming adversely to his deliberate agreement. It seems to us that the question is one not relating to an officer whose salary is an incident to his office, and that the views expressed by the late Mr. Justice McAdam in People v. Andrews, 9 Misc. Rep. 569, 30 N. Y. Supp. 398, state the real legal status of a uniformed member of the street cleaning department of the city of New York, namely:

"Members of the uniformed force take no oath of office and are not officers in any sense of that term, and, though required to pass a physical inspection, do not undergo a civil service examination, and are treated by the law as laborers rather than officials."

This plaintiff, therefore, when he entered into the arrangement, was at full liberty to contract just as he did. We cannot concur with the learned trial judge that the arrangement made was not, either in fact or in law, within the provisions of section 537 of the charter.

The judgment appealed from should be reversed, with costs.

VAN BRUNT, P. J., and O'BRIEN and McLAUGHLIN, JJ., concur. LAUGHLIN, J., concurs on first ground stated.