# Cases

# FIRST DEPARTMENT

# APPELLATE DIVISION,

### January, 1903.

---

JOHN J. DRISCOLL, Appellant, *v.* THE CITY OF NEW YORK,
Respondent.

*Member of the uniformed force of the New York street cleaning department — his right to receive wages although arbitrarily prevented from working — he must report for duty—waiver.*

A member of the uniformed force of the department of street cleaning of the city of New York, appointed after a civil service examination, is entitled to such permanency of employment as will keep him continuously on the force, receiving wages from day to day until discharged, and his right to receive wages for each day that he continues on the force is not, in the absence of any question of waiver, affected by the action of the commissioner of the street cleaning department in arbitrarily preventing him from working more than a certain number of days per week.

Where, however, the member acquiesces in the action of the commissioner, and does not report for duty on the days on which he is prevented from working but seeks and obtains other employment on such days, he waives his right to recover from the city his wages for those days, such wages not being attached as an incident to the position held by him.

APPEAL by the plaintiff, John J. Driscoll, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 10th day of September, 1902, upon the decision of the court, rendered after a trial before the court without a jury at the New York Trial Term, dismissing the complaint.

*William Rumsey*, for the appellant.

*Theodore Connoly*, for the respondent.

PATTERSON, J.:

The plaintiff was employed in the department of street cleaning in the borough of Manhattan, in the city of New York. He sues to recover compensation which he alleges to be due him during certain periods of time when he did no work in consequence of his being " laid off " by order of the commissioner of street cleaning. Upon the trial the complaint was dismissed, and from the judgment entered thereon the plaintiff appeals.

The plaintiff had been employed in the street cleaning department from May, 1896, until January 2, 1900, and was paid at the rate of three dollars a day. On the date last named, his wages or compensation was raised to four dollars a day. He was employed as a mason, but seems to have been a repairer of wagons. He ranked as a member of the uniformed force. On July 2, 1900, orders were issued by the commissioner of street cleaning to put certain of the employees in the department, including the plaintiff, upon half time. What induced the issuance of that order does not distinctly appear, one of the witnesses testifying on his direct examination that it was for the lack of appropriation to pay the men, but on his cross-examination he testified that he had no remembrance whatever of the reason given for the order. Men were notified of this order by its being posted upon a bulletin board, and in consequence the plaintiff and others worked only three days in a week until August 1, 1900. The plaintiff receipted in full for the service actually rendered by him. About August 1, 1900, the plaintiff and other men affected by the notice, instead of working three days in a week, worked for one week and then were laid off for another week, so working and not working on alternate weeks until December 3, 1900, when the plaintiff was discharged by the commissioner of street cleaning and his name sent back to the civil service commissioners, pursuant to the requirements of law. He was reappointed on January 3, 1901, and continued to serve at the rate of four dollars a day for six days in a week until the latter part of May, 1901, when he was again placed on half time, and

that situation substantially continued until January, 1902, when he and others were put on full time again.

The plaintiff claims that he lost 129 days' pay by reason of his having been laid off from work in the manner above indicated, and he claims the right to recover at the rate of four dollars a day for that period of time, he making no claim whatever for the interval between his dismissal and his re-employment. We agree with his counsel that the undisputed facts show that the plaintiff was a member of the uniformed force of the department; that he was laid off by the order of the commissioner for 129 days during the years of 1900 and 1901; that the alternate periods of idleness and work were not discharges and reappointments; that the plaintiff was not suspended for breaches of discipline or for any of the causes which would confer authority upon the commissioner to suspend under section 537 of the Greater New York charter (Laws of 1897, chap. 378); but we do not concur with him in the contention that the plaintiff held himself at all times subject to the orders of the commissioner and was ready and willing to perform his duties during the entire period.

On the argument of this appeal the discussion was extended to many matters which we do not think it necessary to consider in determining the right of the plaintiff to recover in this action. The plaintiff's status as one of the uniformed force in the street cleaning department is generally defined by what was held in *Downs v. City of New York* (75 App. Div. 423). It was there decided that such an employee of the city is not to be regarded as an officer whose salary is an incident to his office and that he is treated by the law as a laborer rather than as an official, and it was further decided that a member of the uniformed force of the street cleaning department may bind himself by contract to work for a limited time and to receive pay only for that time during which he actually works. It was not held in that case nor do we intend now to hold that the street cleaning commissioner has power arbitrarily merely to suspend a member of the uniformed force. It is admitted by the appellant that he has power to discharge. That the plaintiff, as a member of the uniformed force, coming into it through the civil service, is entitled to so much permanency of employment as would keep him continuously on that force, receiving wages from day to day until

discharged, unless by agreement or by acquiescence he surrenders his right to that daily employment, and the receipt of wages for each day on which he continues in the force, may be conceded, but it is required of a member of the uniformed force that he shall hold himself in readiness from day to day to receive orders of the commissioner of street cleaning or those authorized by law to give orders. His compensation is for a day's work at a fixed day's wages, and we think his right to those wages would continue from time to time were he arbitrarily prevented from working or if work were refused him in that manner by those having the authority to control his action, and that is so, not because his wages or compensation are attached as an incident to the position he holds, but because his right to employment until discharged results from the evident policy of the Civil Service Law (Laws of 1899, chap. 370, as amd.).

This case, however, presents features which show an acquiescence on the part of the plaintiff in the course pursued by the street cleaning commissioner in putting him and others upon what is called half time. He accepted the situation. There is nothing to indicate that he ever protested against the action of the commissioner or that he tendered his services to the commissioner. He swears that he held himself in readiness to perform duty, but he never offered his services. His failure to do so has put the city in the position of being unable, through the commissioner, to exercise that right which the commissioner had of discharging him instead of retaining him in employment, and that it was his intention to acquiesce in the action of the commissioner is evidenced by the fact that when he was first put upon half time he disqualified himself from being in readiness to work on the demand of the commissioner by accepting other employment and receiving pay therefor. This he did for some weeks and until as he said he "got tired." During the time he was laid off for alternate weeks he worked whenever he could get work. On the days when he was not employed by the city he did not go to the department or to his place of labor.

Under these circumstances, if we are correct in holding that the wages or compensation are not attached as an incident to the position held by the plaintiff, we think that he is estopped from setting up any claim against the city for the wages sued for, because by

his acquiescence in the order he has prevented the city from exercising the conceded right the commissioner of street cleaning had to discharge him.

For this reason the judgment should be affirmed, with costs.

VAN BRUNT, P. J., HATCH and LAUGHLIN, JJ., concurred; INGRAHAM, J., concurred in result.

Judgment affirmed, with costs.