(50 Misc. Rep. 324)

### TEPIDINO v. CITY OF NEW YORK.

(Supreme Court, Appellate Term.   April 24, 1906.)

1. MUNICIPAL CORPORATIONS—EMPLOYÉS—LEAVE OF ABSENCE—WAIVING COMPENSATION.

    A member of the uniformed force of the street cleaning department of New York City, being a laborer rather than an officer, and as such competent to take a leave of absence and waive his compensation for the time, is estopped by his application for leave of absence without pay, which was granted, from recovering compensation for the time of his absence.

2. COURTS—EQUITY JURISDICTION—MUNICIPAL COURT.

    The Municipal Court, having no equity jurisdiction, cannot, because of the applicant's ignorance of the language, hold invalid the clause waiving compensation in an application on which a city employé was granted a leave of absence.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Antonio Tepidino against the city of New York. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

John J. Delany (Terence Farley, of counsel), for appellant.
Frank A. Acer (J. C. Toole, of counsel), for respondent.

SCOTT, P. J. The plaintiff, a driver in the department of street cleaning, had a leg broken by the kick of a horse which he was driv-

ing in the pursuit of his employment on January 26, 1905. Whether the accident was or was not due to any fault of his does not appear and is not relevant. A report of the injury was duly made on a department blank by the stable foreman and one of the medical examiners, and the plaintiff, upon the same blank, applied for a leave of absence without pay until June 1st, which was granted. He actually returned to duty on April 24th, and now sues and has recovered judgment for full pay from January 26th to April 24th a period of 88 days.

The status and rights of members of the uniformed force of the stret cleaning department are fixed by the charter, and have been construed by the courts in several cases. They are not officers in any sense of the term. They are regarded as laborers rather than officials. People ex rel. McCloskey v. Andrews, 9 Misc. Rep. 569, 30 N. Y. Supp. 398. As such they are competent to take a leave of absence and waive all or a part of their compensation for the time; the consideration for such waiver being their retention in the service without the performance of any duty. Downs v. City of New York, 75 App. Div. 423, 78 N. Y. Supp. 442, affirmed 173 N. Y. 651, 66 N. E. 1107; Driscoll v. City of New York, 78 App. Div. 52, 79 N. Y. Supp. 479. The plaintiff is therefore estopped, by his application for leave, from recovering pay for the period for which he now sues.

It is intimated in appellants brief that he was unaware, owing to his ignorance of the language, of the full purport of the paper signed by him. No foundation for this claim appears in the case, and, if it did, the plea would be unavailing in this action. The application, so long as it is not set aside in an appropriate action, stands as a bar to recovery; and the Municipal Court, being vested with no equity jurisdiction, could not pass upon the question as to the supposed invalidity of the leave upon the ground suggested by counsel.

The judgment must be reversed, and the complaint dismissed, with costs to appellant in this court and the court below. All concur.