(119 App. Div. 20)

### GUTHEIL v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   April 19, 1907.)

MUNICIPAL CORPORATIONS—MEMBERS OF STREET-CLEANING FORCE—DEDUCTION FROM PAY.

Greater New York Charter, Laws 1897, p. 188, c. 378, § 537, providing that where a member of the department of street cleaning, being removed, shall be successful in proceedings to review the removal, he shall be entitled to be reinstated and to receive full pay during the time of his removal, does not make him anything more than a mere employé, and constitute his pay an incident to an office, so as to render it not permissible to deduct from his recovery for pay for such time money earned by him during such time in other employments.

Appeal from Special Term, Kings County.

Action by John J. Gutheil against the city of New York to recover his pay as a member of the street-cleaning department during the time he was removed from the force. From an order granting defendant a new trial on newly discovered evidence that during the time of removal plaintiff earned wages in other employments, he appeals. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Wilber W. Chambers, for appellant.

Edward H. Wilson (James D. Bell, on the brief), for respondent.

JENKS, J.   I think that the order should be affirmed.   The appellant contends that the new evidence could not change the result, because the plaintiff, being entitled to full pay during the time he was removed, pursuant to the provision of section 537 of the Greater New York charter (Laws 1897, p. 188, c. 378), was not subject to any deduction of his earnings while out of his occupation.   I think that the point is not well taken, because the plaintiff was not an incumbent of an office within the principle that his compensation was incident to it and attached to it by law, irrespective of any service rendered to the city.   Downs v. City of New York, 75 App. Div. 423, 78 N. Y. Supp. 442; Driscoll v. City of New York, 78 App. Div. 52, 79 N. Y. Supp. 479.   Such deductions are not permissible with respect to offices, because of this, relation between them and the salaries thereof.   Fitzsimmons v. City of Brooklyn, 102 N. Y. 536, 7 N. E. 787, 55 Am. Rep. 835.   The proposition is tersely and admirably stated by Willard Bartlett, J., in Quintard v. City of New York, 51 App. Div. 233, 237, 64 N. Y. Supp. 904, 907:

"The distinction between an officer and a mere employé, in respect to the right to recover compensation when no duties have actually been performed or services have actually been rendered, has frequently been recognized by the courts. The officer is entitled to his salary as an incident of his office, and may recover it when improperly withheld. Fitzsimmons v. City of Brooklyn,

102 N. Y. 536, 7 N. E. 787, 55 Am. Rep. 835. The employé, on the other hand, cannot enforce a claim to be paid except for services actually performed. Cook v. Mayor, 9 Misc. Rep. 338, 30 N. Y. Supp. 404, affirmed 150 N. Y. 578, 44 N. E. 1123; In Emmitt v. Mayor, 128 N. Y. 117, 28 N. E. 19, the plaintiff was held to be entitled to receive the compensation prescribed for an inspector of masonry by the aqueduct commissioners, because such inspectorship was an office, to which the right of compensation attached after the amount thereof had been fixed. The incumbent was said to be 'more than a mere ordinary employé, or laborer, engaged by the commissioners.' And so, in Smith v. City of Brooklyn, 6 App. Div. 134, 39 N. Y. Supp. 990, an assistant sanitary inspector in the department of health was declared to be 'not a simple employé or laborer, but an officer, whose compensation was fixed and accompanied the office until he was legally removed therefrom.' "

The terms of the statute do not require such a construction, for they are satisfied by the construction that they assure a right which otherwise the plaintiff would not have, namely, pay without service. Because the statute goes thus far, there is no reason why it should be read as constituting this pay an incident to an office, so that no deduction therefrom·is permissible. The reason for the rule in the case of an office does not obtain in such an employment.

Order affirmed, with costs. All concur.