## In re ALL STAR FEATURE CORP.

### Ex parte KLAUBER.

(District Court, S. D. New York. February 14, 1916.)

BANKRUPTCY ☞348—CLAIMS—PRIORITY—"WORKMAN"—"SERVANT."

An actress, contracting to fill a four weeks engagement, for which she was to receive $5,000, and, besides acting, furnish her own costumes, and, if necessary, give also a fifth week, was not entitled to priority in bankruptcy as a "workman" or "servant," as those words are used in their colloquial sense, and the word "servant" does not include all cases where the formal relation of master and servant exists.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536; Dec. Dig. ☞348.

For other definitions, see Words and Phrases, First and Second Series, Servant; Workman.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of the All Star Feature Corporation, bankrupt. On petition to review an order of the referee denying priority to the claim of Jane Klauber. Order affirmed, and motion denied.

The petitioner is the well-known actress going by the name of Jane Cowl, who entered into a contract with the bankrupt to perform as actress in a motion picture play entitled "The Garden of Lies." She was to receive $5,000, for four weeks' engagement, beginning November 1, 1914, and ending not later than December 1, 1914. Besides acting, she was to furnish her own costumes. It was agreed that if necessary she should give also a fifth week.

Arthur Butler Graham, of New York City, for petitioner.
John L. Lockwood, of New York City, for trustee.

LEARNED HAND, District Judge. It is a good deal easier to see that the petitioner is not entitled to a priority than to state any general rule which will be applicable in all cases. To succeed she must bring herself within the words "workman" or "servant." Everyone who understands words knows that it is absurd to call an actress who can command $5,000 for a four weeks engagement a workman or a servant. The words are used in their colloquial sense. Re Gurewitz, 121 Fed. 982, 58 C. C. A. 320; Re Grubbs Wiley Grocery Co. (D. C.) 96 Fed. 183. And the word "servant" does not include all cases where the formal relation of master and servant exists. Re A. O. Brown (D. C.) 171 Fed. 254. Of the two terms the case fits more nearly "servant" than "workman," yet, since "servant" does not include all cases where one must follow the directions of another, the distinction must be found in the kind of duties done. This lady was not engaged to perform any personal services, whether menial or not; she was engaged in a form of dramatic art, and if she was a servant, so would have been Rachel or Duse, whenever they were under contract to play a part for a manager. Just what kinds of services constitute a servant I do not need to consider, so long as hers are clearly not such, nor need I say whether the petitioner is an independent contractor. This is one of those classes of cases where it is safer to prick out the contour of the rule empirically, by successive instances, than to attempt definitive generalizations. Noble State Bank v. Haskell, 219 U. S. 104, 112, 31 Sup. Ct. 186, 55 L. Ed. 112, 32 L. R. A. (N. S.) 1062, Ann. Cas. 1912A, 487. Re Caldwell (D. C.) 164 Fed. 515, is not binding, though in point.

Order affirmed; motion denied.