[No. 8577.]

## THOMPSON V. THE CITY AND COUNTY OF DENVER.

1. MUNICIPAL CORPORATIONS—*Liability to Officer de Jure, deprived of his office.* Payment of salary by municipality to an officer *de facto* who discharges the duties of the office bars an action for the salary by the officer *de jure.* (472.)

   The court says the rule should be applied to all public offices, and that no distinction should be made between officers elected and officers appointed, or based upon the comparative dignity of the office. (473.)

2. DENVER—*Charter Construed.* The charter declaring police operators to be officers, it follows that they are in some respects public officers. (472.)

3. ESTOPPEL—*By Conduct.* The unqualified acceptance of the service of one in a municipal office estops the municipality from denying him compensation for the service rendered. (473.)

*Error to Denver District Court.* Hon. J. W. SHEAFOR, Judge.

Mr. ROBERT H. KANE, for plaintiff in error.

Mr. JAMES A. MARSH and Mr. WILLIAM R. KENNEDY, for defendant in error.

Mr. Justice BAILEY delivered the opinion of the court.

James Thompson, plaintiff below and plaintiff in error here, was one of the police operators of the City and County of Denver for three years prior to the 1st day of February, 1910, and on or about that date was suspended upon charges filed against him by the Fire and Police Board. On March 14th, 1910, a hearing was had before the board, the charges sustained, and plaintiff discharged from the service. Thompson took that decision on appeal to the City Civil Service Commission, where the matter rested for over two years. About the 31st day of May, 1912, upon request of the Fire and Police Board, the commission forthwith ordered that the appeal be sustained, and Thompson reinstated, which was accordingly done by formal order of the board on June 1st, 1912. Upon reinstatement he served only fifteen days, when the same charges were filed against him by newly installed members of the Fire and Police Board, resulting

in his second discharge from the service. Thereupon this action was brought to recover damages, consisting of the salary which plaintiff was thus deprived of earning during the period of discharge, and for the period from June 1st to June 15th after reinstatement, less what he actually earned in that time in other pursuits, the amount of the claim being $1,815.97 with interest. The trial court rendered judgment for plaintiff in the sum of $46.86, the amount of salary from the date of reinstatement to the date of removal, but refused to award anything for the period of discharge, on the ground that another had been paid the salary for the same period, one Kaiser having occupied the position meanwhile, discharged the duties and received the salary therefor.

Prior to the time the charges were made plaintiff received his appointment by examination in the regular way, served his probationary period of six months, and then became a permanent appointee, in conformity with the provisions of section 200 of the charter of the municipality, concerning appointments in the classified service, which reads as follows:

"Every original appointment in the classified service shall be for six months, at the end of which time, if the conduct and capacity of the person appointed have been satisfactory, he shall be permanently appointed; otherwise he shall be out of the service."

The duties of police operator, as outlined in the brief of counsel for defendant in error, are to receive reports from policemen on the beats within the municipality, at a telephone switch board, make records of the same, receive calls for the patrol wagon, and generally to exercise the duties of a central operator with reference to the police telephone system. Section 65 of the city charter provides that the police force shall be composed of the chief of police and such subordinate officers, policemen and other employees, to be appointed by the board, as may be necessary, etc. Section 153 thereof provides that all persons in the employ of the

city and county, or any department thereof, whose salary or compensation is not fixed by this charter, are hereby declared to be employees, and in enumerating the members of the police department and fixing their respective salaries it names, among others, police operators at an annual salary of $1020.

The judgment is affirmed upon the authority of *El Paso County v. Rohde,* 41 Colo. 258, 95 Pac. 551, 16 L. R. A. (N. S.) 194, 124 Am. St. 134, and *Henderson v. Glynn,* 2 Colo. App. 303, 39 Pac. 265, which hold that an officer *de jure* cannot recover from a municipal corporation salary paid by it to an officer *de facto* during the period the officer *de jure* was deprived of his office; in other words, that payment of salary by the municipality to an officer *de facto,* who discharges the duties of the office is a good defense to an action therefor against it by the officer *de jure.*

Counsel not only assail the soundness of this rule, but contend further that even though the propriety of its application be admitted in cases like those cited, involving respectively the salary of County Treasurer and District Judge where the loss thereof was occasioned by the intrusion of a third party, it cannot properly be applied to a case like the present, involving salary of a police operator the loss of which was occasioned by wrongful discharge. The argument and citation of authority in support of this contention confirms the statement in the *Rohde* case to the effect that there is noticeable conflict in the decisions upon the subject. The rule adopted in this state is based on public policy, to the effect that the people cannot be compelled to pay twice for the same service, and in principle we do not see how the instant case can be fairly distinguished from those in which this court has applied it.

Section 153 of the charter of the municipality in effect declares police operators to be officers, and it therefore follows that they are, at least in some respects, public officers, their duties being intimately connected with and a part of

the police system. The question presented is whether there is anything for consideration in this case of sufficient weight and clearness to distinguish the character of the plaintiff's relation to the municipality from that of a County Treasurer or District Judge, in respect to a claim for salary paid another, so as to take it out of the operation of the rule laid down in the two cases to which reference has been made. Certainly no such distinction can be safely made upon a basis of comparative dignity between offices, nor does it lie within the fact that some officers are appointive and others elective. Logically the rule should, we think, be applied alike to all public officers.

The case of *Denver v. Burnett,* 9 Colo. App. 531, 49 Pac. 378, is cited and relied upon by plaintiff in error to support his contention. Burnett recovered judgment against the city for one year's pay as a policeman, which was reversed because the bill of exceptions, which purported to contain all the evidence, failed to show any proof of the compensation to which he may have been entitled, that the prerequisites of the appointment had been complied with, or action upon the part of the city by which its liability might be established. That was a complete disposition of the matter on review, and expressions of the court beyond that point are mere *dicta.*

Upon the assignment of cross-error to the finding in favor of plaintiff in the sum of $46.86, salary from the date of his reinstatement to the date of removal, that is June 1st to June 15th, 1912, we are of opinion that by the city's unqualified acceptance of services performed by plaintiff during that period, it is estopped to invoke any rule of law to defeat payment of the sum so earned and claimed.

The judgment is, therefore, affirmed.

Chief Justice GABBERT and Mr. Justice WHITE concur.

Decided May 1, A. D. 1916. Rehearing denied July 3, A. D. 1916.