## In re ESTEY.

District Court, S. D. New York.

Jan. 6, 1934.

Ward & Palzer, of New York City, for trustee.

Gilbert & Brandeis, of New York City, for claimant.

PATTERSON, District Judge.

The bankrupt ran a business school. The claimant filed a priority wage claim for $179, the amount owed to her for services as a teacher in the school. The trustee in bankruptcy objected to the allowance of the claim as a prior one. The referee sustained the trustee's objection and disallowed the claim as one entitled to priority. He allowed it as a general claim.

The Bankruptcy Act, § 64b (5), 11 USCA § 104 (b) (5), gives priority to wages earned within three months by "workmen, clerks, traveling or city salesmen, or servants," up to the sum of $600. Originally (11 USCA § 104 note) the priority was only in favor of "workmen, clerks, or servants"; an amendment in 1906 added "traveling or city salesmen." The intention of Congress was plainly to give special protection to a class of wage-earners who generally have no substantial savings or other reserves to fall back on in case of adversity and therefore cannot afford to lose. Like reasons prompted the mechanic's lien laws. But the words used by the Legislature cannot be extended by the courts to cover cases not comprehended by the statute, merely because the case in hand may be thought equally meritorious with those that are given a special status. The act does not provide that all who work for a wage of less than so much a week shall have priority. In any case where priority is asserted, the claimant must bring himself within one of the four classes specified by Congress, "workmen, clerks, traveling or city salesmen, or servants." In re Quackenbush (D. C.) 259 P. 599.

A teacher is a professional worker. She is certainly not a workman, clerk, or salesman in the popular meaning of those words. The argument here is that she is a servant. That may be true in the sense that there prevailed between the bankrupt and her a legal relationship formerly known in the law as that of master and servant. The relationship is to some extent still referred to by that expression, though employer and employee will be more intelligible to laymen. But the word "servant" in this part of the Bankruptcy Act was obviously not put there as the equivalent of employee; if that were its meaning, there was no point in the specific mention of workmen, clerks, and sales-

men. In re A. O. Brown & Co. (D. C.) 171 F. 254; Blessing v. Blanchard (C. C. A.) 223 F. 35, Ann. Cas. 1916B, 341. It has a more restricted meaning, covering house servants or personal servants, and does not include the case of a teacher. There is another consideration. The priority is for "wages." The remuneration earned by a teacher is generally thought of as salary rather than as wages.

The referee's disposition of the matter was right, and his order disallowing the claim as a prior one and relegating it to the rank of a general claim will be affirmed.