### In re PARADISE CATERING CORPORATION.

District Court, S. D. New York.

Jan. 3, 1941.

Levin & Weintraub, of New York City (Benjamin Weintraub and Samuel Singer, both of New York City, of counsel), for trustee.

Wilzin & Halperin, of New York City (Michael Halperin and Solomon Granett, both of New York City, of counsel), for claimant, Jack Durant.

CONGER, District Judge.

This is a petition for review of an order of a Referee disallowing petitioner's claim for priority under Section 64, sub. a(2) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(2).

The petitioner herein is an actor who contracted to perform at a show operated by the bankrupt. Said contract was for the duration of the show with a guaranty of four consecutive weeks at a salary of $400 per week. The petitioner worked for one week when bankruptcy intervened, and he seeks priority herein under the above section for $384.01.

Section 64, sub. a(2) was enacted by Congress in order that workmen or servants, persons of menial position and low income, should receive a priority in bankruptcy due to the fact that they, as a class, could ill afford to be classified as general creditors. In re Estey, D.C., 6 F.Supp. 570; Blessing v. Blanchard, 9 Cir., 223 F. 35, Ann.Cas.1916B, 341. Where statutes involving priorities are in issue, a strict construction must be placed thereon and the burden falls upon those asserting a priority to establish that they come within the intended class. In re Quackenbush, D.C., 259 F. 599; In re Goldman Stores, Inc., D.C., 3 F.Supp. 936.

The petitioner herein is a professional artist who was billed as a star, one of five principals, in the show in question which consisted of more than eighty people. To permit a construction of the words "workmen or servants" to include petitioner would do violence to the clear import of the language used by Congress. These words must be construed in accordance with their common and popular meaning. In re Estey, supra; Blessing v. Blanchard, supra; 6 Remington on Bankruptcy (4th Ed.) Sec. 2785.07. Professional persons are not popularly considered workmen or servants. In re Estey, supra,—in this case the petitioner was a teacher.

I am of the opinion that the case of All Star Features Corp., D.C., 231 F. 251, is controlling herein. In that case Circuit Judge (then District Judge) Learned Hand held that an actress receiving a substantial sum per week did not come within the purview of the section in question. I do not believe that this case is distinguishable in principle from the instant case.

Petition dismissed, and the Referee's order confirmed. Settle order on notice.