No. 15,038.

STATE CIVIL SERVICE COMMISSION ET AL. *v.* LEHL.

(118 P. [2d] 1080)

Decided October 14, 1941.   Rehearing denied November 10, 1941.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-RENCE HINKLEY, Deputy, Mr. THEODORE A. CHISHOLM, Assistant, for plaintiffs in error.

Mr. HARRY S. CLASS, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

AN action by defendant in error for relief, as in mandamus, under rule 106, Colorado Rules of Civil Procedure. He sought restoration to a position under civil service, from which, as said, plaintiff in error State Civil Service Commission had illegally removed him, and to have requisite certification from the commission with relation thereto. Relief was adjudged.

Defendant in error alleged that since the adoption of the Civil Service Amendment in 1918, and until April 8, 1941—when, without notice or hearing, the commission, formally ordering to that end, assumed to remove him therefrom—having full civil service status in that regard, he was the deputy water commissioner of a water district comprising Adams, Jefferson and Weld counties, and the City and County of Denver, known as Water District No. 2, and performed the duties pertaining to said position.

The commission freely admitted defendant in error's encumbency of the position involved for the period claimed, and as well that without previous notice to him or any hearing whatever, it summarily "removed and discharged" him; but, in explanation, it alleged that defendant in error is an alien, hence, as contended, he is not, and never was, eligible to the position from which it ordered his separation. On the record indicated, defendant in error moved for judgment on the pleadings, which was granted.

██ The circumstances considered, we cannot think the commission acted within the requirements of the law. In all form, and for nearly a quarter of a century, defendant in error had occupied the public preferment

in question—"employment in the classified civil service of the state," and was subject to "be removed or disciplined only upon written charges, * * * to be finally and promptly determined by the commission upon inquiry and after an opportunity to be heard." Art. XII, §13, Colorado Constitution. Uniformity attends our decisions in similar situations, and all are to the effect that an employee of the state on predication as here, cannot be discharged in manner of procedure to which the commission in this instance had resort. The trial court rightly resolved that the acts of the commission were null and of no effect, and, so far as it decreed defendant in error's restoration to the status which he enjoyed April 8, 1941, and prior thereto, affirmance of the judgment is warranted. We note, however, that, while not embodied in the decree proper, personal judgment sounding in terms of money, seemingly entered against the commission and the individual commissioners. We do not think such a judgment was in order, and the trial court should vacate it. The decree itself, as we perceive, is broader than is justified in that it adjudges the aggregate sum due and owing defendant in error from the several counties which he serves, and directs the commission to certify to the correctness of the sum so fixed, whereas, acting ministerially, and on the theory that defendant in error is, and during the interval involved has been, within the classified civil service, as is determined, the commission's further duty will have been discharged, as we think, when it certifies its approval of vouchers representing his withheld pay for the controverted period, and which reach the commission through the agency of the state engineer's office.

With appropriate modification of the decree, let the judgment be affirmed.

Mr. Chief Justice Francis E. Bouck dissents.