No. 15,034.

McDevitt and Others as the State Civil Service
Commission et al. *v*. Corfman et al.

(120 P. [2d] 963)

Decided December 22, 1941.   Rehearing denied January 12, 1942.

Mr. Gail L. Ireland, Attorney General, Mr. H. Lawrence Hinkley, Deputy, Mr. Theodore A. Chisholm, Assistant, for plaintiffs in error.

Mr. ARTHUR MORRISON, for plaintiff in error Grayce M. Smith.

Mr. OMAR E. GARWOOD, Mr. MILTON C. GARWOOD, Mr. HARRY A. FRUMESS, for defendants in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

AN action by defendants in error for relief, as in mandamus, under rule 106, Colorado Rules of Civil Procedure. They prayed for reinstatement to positions under civil service, from which, as claimed, plaintiffs in error had illegally removed them, and for judgment for salaries for lapsed periods. Reinstatement and issuance of payment-documents were adjudged.

It appears that immediately prior to July 25, 1940, defendants in error had been provisional employees of the State Industrial School for Boys at Golden, Corfman for two years, Hopkins for twelve years, and Thomas for one and one-half years; that on the date stated, and pursuant to an examination by the State Civil Service Commission, held in December, 1939, in response to a request by the Board of Control of the school for a list of those eligible for the positions involved here, as well as for other positions, the commission formally advised the said board that defendants in error "were permanently certified into their respective positions," that is to say, Hopkins as Teacher, and Corfman and Thomas, as Cottage Counselors; that the positions into which defendants in error thus were severally certified, were similar to those in which they had been, and were, provisionally serving, as already stated; that by virtue of said civil service commission certification and the law operating thereon, defendants in error were inducted into civil service, and actively served in their several

positions of employment until the happenings now to be stated: That March 19, 1941, without hearing, and effective April 4, 1941, the Board of Control of the Industrial School dismissed defendants in error from service; that later in the same month defendants in error sought review at the hands of the Civil Service Commission, but the commission, proceeding without the preferring of charges or hearing, sustained the board; that June 6, 1941, the trial court adjudged reinstatement of defendants in error and that defendants issue the documents necessary to pay plaintiffs their salaries from April 4, 1941, the date of their separation from employment.

That both board and commission having to do with the discharge of defendants in error proceeded summarily, is not questioned. To sustain their action they rely upon a supplemental rule known as Rule XIII, adopted by the Civil Service Commission in January, 1938. For reference we have numbered the paragraphs of the cited rule and quote it:

## RULE XIII

1. "All original and promotional appointments and reemployments shall be made for a probationary period of six months. After six months from the date of appointment or reemployment no salary or other compensation shall be paid to any such person unless the appointing or employing authority has first filed with the Commission a statement in writing that the services of the employee during the probationary period have been satisfactory and that it is desired that he be continued in the service."

2. "The probationary period shall be regarded as an intrinsic part of the examination process and shall be utilized for closely observing the employee's work, for securing the most effective adjustment of a new employee to his position and for eliminating any probationary employee whose performance does not meet the required standard of work."

3. "Any probationer holding a position as such in the State Classified Service may be dismissed therefrom after two weeks trial provided the appointing or employing authority is of the opinion that such dismissal shall be for the good of the service. Written notice of any such dismissal shall be given to the employee at least two weeks in advance of dismissal and shall state when such dismissal shall become effective. Such notice of dismissal in the form required by the Commission shall include the reasons for the employee's dismissal and shall state definitely whether the discharge was effected because of incompetency or other reasons relating to the proper discharge of his duties. A copy of such dismissal notice shall be sent immediately to the Commission."

4. "In no case shall an employee be dismissed on account of religious or political opinions or affiliations or refusal to contribute to a political fund or to render political service."

5. "Any probationer demoted, suspended or dismissed may appeal to the Commission within five days from date of reception of notice of the dismissal for a review of the action of the appointing or employing authority. The decision of the Commission shall be final and shall state whether the dismissal or other action of the appointing or employing authority is approved·or whether the employee is to be reinstated in his position with or without pay, transferred to another position, demoted, suspended without pay for a period of not exceeding sixty days or to be reprimanded or otherwise dealt with as the Commission may determine."

The rule is challenged, and we are constrained to believe it is void of legal efficacy, except as to whether the Civil Service Commission has power to make promotional appointments, or the applicability of the rule if it does have such power — not involved. "Appointments * * * in the classified civil service of the state shall be made according to merit and fitness, to be ascer-

tained by competitive tests of competence, the person ascertained to be the most fit and of the highest excellence to be first appointed." Art. XII, §13, Const. The General Assembly, addressing itself to the same subject, employed identical language. '35 C.S.A., c. 36, §2. As the result of an examination conducted by the Civil Service Commission for the positions involved, defendants in error qualified for the preferment into which they "were permanently certified," as we have seen. They attained thereto by prevailing in "competitive tests of competence," and thereafter were subject to "be removed or disciplined only upon written charges, * * * to be finally and promptly determined by the commission upon inquiry and after an opportunity to be heard." Art. XII, §13, Const., '35 C.S.A., c. 36, §4. With the exception of paragraph 4 thereof, which is a redraft of constitutional and statutory enactments and obtains as a matter of course, the rule attempts to subject those who have submitted to "competitive tests of competence," and who have been certified permanently into the classified civil service, to the hazards of discharge by authority other than the commission, the latter approving, with no preferring of charges and without hearing. The commission may not thus divest itself of the power and control which it is required to exercise in the interest of civil service. Employees in the civil service obtain their positions through competitive examination, not through the favor of an employing authority, and their discharge therefrom must result from action by the Civil Service Commission, taken after due hearing on charges preferred as required by the fundamental law. See, *Civil Service Commission v. Lehl,* 108 Colo. 397, 118 P. (2d) 1080.

Let the judgment be affirmed.