No. 15,182.

CORFMAN v. McDEVITT AND OTHERS AS MEMBERS OF THE CIVIL SERVICE COMMISSION ET AL.
(142 P. [2d] 383)

Decided October 11, 1943.

Mr. MILTON C. GARWOOD, Mr. OMAR E. GARWOOD, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. DUKE W. DUNBAR, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE JACKSON delivered the opinion of the court.

THIS case is a corollary of *McDevitt v. Corfman,* 108 Colo. 571, 120 P. (2d) 963. In that case we affirmed the action of the district court of Jefferson county in granting a mandamus against the members of the Colorado State Civil Service Commission in favor of three petitioners seeking restoration to positions under state civil service, all of whom were employees of the State Industrial School for boys at Golden. Nine days after our decision became final, the same three employees filed a petition against the members of the State Civil Service Commission, the acting superintendent and the members of the Board of Control of the State Industrial School for boys, praying that a citation be issued ordering the defendants to show cause why they should not be punished for contempt of court for failure to restore the plaintiffs to their former positions and to pay the plaintiffs their salaries as ordered by court decree. The district court of Jefferson county entered judgment on January 30, 1942, finding that plaintiffs Hopkins and

Thomas had been restored to their positions and their back salaries had been paid in full; that as to the plaintiff Corfman, it had appeared from the evidence that he had been notified of restoration to his position and had declined same and had refused and failed to report for duty pursuant to said notice. It further appeared that, except for a period of approximately seven weeks, he had been gainfully employed since his discharge from the position involved in this cause, and at a larger compensation. The district court ordered that defendants pay the sum of $236.93 as back salary to the said Corfman—this being payment of his salary for the seven weeks when he was unemployed.

Corfman excepted to such portion of this judgment of the trial court as released defendants from the payment of his salary covering the whole period from his wrongful suspension to the time of reinstatement. This case is now before us on writ of error and application for supersedeas, and we have elected to finally determine the matter on the application.

Plaintiff here asserts that he is entitled to recover the full salary he would have enjoyed but for his wrongful suspension and without considering any earnings he may have received in other occupations during the period of wrongful suspension. Defendant's position—adopted by the trial court—is that he may recover the compensation he would have drawn from the time when he was wrongfully discharged to the time of his reinstatement, but whatever compensation he has otherwise earned during that period must be allowed as an offset.

Plaintiff's counsel argue, "That it is not a matter of contract between the civil service employee and the state or municipality, by force of which the salary is payable; the salary belongs to the civil service employee as an incident to his office, so long as he holds it, and when improperly withheld he may sue for it and recover it. When he does so he is entitled to his full amount, not by force of any contract, but because the law at-

taches it to the office; there is no question of breach of contract or resultant damages."

■ This question, as counsel for plaintiff imply, appears to be one of first impression in this state. *Denver v. Burnett,* 9 Colo. App. 531, 49 Pac. 378, and *City of Leadville v. Bishop,* 14 Colo. App. 517, 61 Pac. 58, do not seem to be in point. In the Leadville case the employee held his position under a contract of employment and the opinion definitely indicates the city could discharge the employee without preferring charges against him, without notice and without a hearing. In the Denver case it likewise does not appear that the employee was under civil service, and the opinion in that case cites our opinion in *Saxonia M. & R. Co. v. Cook,* 7 Colo. 569, 4 Pac. 1111, in support of the proposition that after an employee has proved that he has been wrongfully discharged it is incumbent upon the defendant to mitigate the damages, if he can, by showing the plaintiff has secured employment elsewhere or that he might have done so by the exercise of reasonable diligence. In the Saxonia case the employee was working under a definite contract for one year, and not under civil service. *Capitol Managers v. Rusan,* 72 Colo. 197, 210 Pac. 328, involves the case of a civil service employee who was wrongfully discharged and is the principal case relied upon by the Attorney General. For in that case recovery was allowed for the amount of compensation during the time of actual unemployment. But Rusan sued for the amount of his salary during the time he was improperly excluded from his position as a state employee less the amount of his earnings elsewhere during that period. The case is therefore only persuasive, on the point involved in the instant case, to the extent that it indicates that in the view of Rusan's counsel that was the proper measure of recovery.

Counsel for plaintiff rely upon *Fort Smith v. Quinn,* 174 Ark. 863, 296 S.W. 722. This case is also reported

in 53 A.L.R. at page 921, followed by comprehensive annotations upon which counsel also rely.

In the Quinn case a member of the city fire department under civil service in Fort Smith was wrongfully discharged, and during the period between discharge and reinstatement obtained employment as a fireman in a neighboring city. Although the statement of findings of the trial court and the action of the appellate court in affirming the judgment of the trial court would not so indicate, the whole burden of the opinion is that the city of Fort Smith could not offset the salary or wages its civil service employee had received from the neighboring city.

A similar reliance upon the Quinn case was had by the plaintiff in the recent case of *State ex rel. v. City of Miami*, 13 So. (2d) 707 (Florida). Because of its aptness, a quotation from the court's opinion in the latter case seems appropriate:

"Appellant submits that to his position should be applied the familiar rule of law pertaining to public officers which recognizes that if one is lawfully entitled to a public office his right to salary attaches to the office and may be recovered in full, irrespective of any service rendered and without regard to the fact that he may have earned money elsewhere in private employment.

"We do not think that this contention is well-founded. There can be no dispute that by the great weight of authority, the rule contended for by the appellant is applicable to holders of public office. Fitzsimmons v. City of Brooklyn, 102 N.Y. 536, 7 N.E. 787, 55 Am. Rep. 835; McQuillin, Municipal Corporations, Revised Vol. 2, §539, p. 319, 37 Am. Jur. §258, p. 883; Annotation: 53 A.L.R. 924. But so far as we have been advised by a perusal of the authorities on the subject, no court has ever allowed recovery in a case like the one before us now, except upon a finding, as a predicate for recovery, that the aggrieved person in the particular case was an 'officer' as distinguished from 'an employee.' Such was

the finding made in City of Fort Smith v. Quinn, 174 Ark. 863, 296 S.W. 722, 53 A.L.R. 921, so confidently relied upon by the appellant; and of all other authorities cited in the Quinn case in support of the conclusion reached by the Arkansas court.

"There is a distinction between an officer and an employee. The term 'office' implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office. The term 'employment' does not comprehend a delegation of any part of the sovereign authority, or authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature. State ex rel. Holloway v. Sheats, 78 Fla. 583, 83 So. 508."

In the foregoing Florida case the plaintiff was a parking meter collector and repairman. In the instant case the record shows that plaintiff was first given a provisional appointment under the state civil service as a teacher at a salary of $150 per month; that in the subsequent examinations he received grades not high enough to warrant a permanent appointment as a teacher, but sufficient to justify a permanent appointment as a cottage counsellor at the Industrial School at a salary of $135 per month. Plaintiff was filling this latter position at the time of his wrongful discharge. No one was appointed to fill his position after his discharge.

We believe that the City of Miami case, supra, is in point because it is our opinion that, as in that case so in the instant case, the plaintiff is to be considered an employee rather than an officer. *State of Montana ex rel. v. Hawkins,* 79 Mont. 506, 257 Pac. 411, 53 A.L.R. 583. In the subsequent extended annotation beginning at 53 A.L.R. 595, the majority of cases there cited would also appear to support this classification, as do the subsequent annotations on this subject appearing in 93 A.L.R. 333 and 140 A.L.R. 1076. The latter annotation includes our opinion in *Hudson v. Annear,* 101 Colo. 551, 75 P. (2d) 587. We believe our classification of plain-

tiff as an employee rather than an officer in the instant case is consistent with our earlier opinion.

*Thompson v. City and County of Denver,* 61 Colo. 470, 158 Pac. 309, involved a matter between an officer de jure and one de facto. An ordinance of the City and County of Denver expressly made the holder of the position in question an officer and not an employee. It is therefore not pertinent to the instant case.

The more recent New York cases appear to reject the idea of classifying all civil service employees as officers, and the following persons under civil service have been held to be employees rather than officers: a member of street cleaning department, *Gutheil v. New York,* 119 App. Div. 20, 103 N.Y. Supp. 972; clerk in the department of parks, *Sutliffe v. New York,* 132 App. Div. 831, 117 N.Y. Supp. 813; principal assistant engineer in the department of bridges, *La Chicotte v. New York,* 166 App. Div. 279, 151 N.Y. Supp. 566.

The judgment is affirmed.