Mr. Gary Pon Deputy Director Division of Labor 1313 Sherman Street, Room 314 Denver, CO 80203
Dear Mr. Pon:
This opinion letter is in response to your request for a formal attorney general opinion received by this office on March 5, 1984, in which you inquired about the interpretation and application of section 8-13-104, C.R.S. (1973).
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following questions:
Do the terms "mechanic," "workingman," or "laborer" as used in section 8-13-104, C.R.S. (1973) include town marshalls and other "town officers" as referenced in section 31-4-304, C.R.S. (1977)?
 My conclusion is that town marshalls are not within the meaning of "mechanic," "workingman," or "laborer" under section 8-13-104, C.R.S. (1973). However, town officers as referenced in 31-4-304, C.R.S. (1977) may or may not be within the meaning of "mechanic," "workingman," or "laborer" depending upon the particular office and duties of that office.
ANALYSIS
In applying any statute we are governed by the legislative intent. Stephen v. City and County of Denver, 659 P.2d 666
(Colo. 1983). An unambiguous statute must be given effect according to its plain and obvious meaning and is not subject to the rules of statutory construction. Mattox v. DistrictCourt of the Eighteenth Judicial District in and for ArapahoeCounty, 198 Colo. 208, 597 P.2d 573 (1979). If section18-13-104 was subject to construction, as a penal statute, it would have to be narrowly construed. However, the terms "mechanic," "workingman," and "laborer" are clear and unambiguous and are words of common usage. Unless there is a clear indication otherwise, words are normally given their common usage in interpreting statutes. Section 2-4-101, C.R.S. (1980).
Webster's Third New International Dictionary defines "laborer" as "one that labors; specif.: a person who does unskilled, physical work for wages sometimes as assistant to a skilled artisan." Id. at 1260. (Emphasis added.) At page 1400 "mechanic" is defined as "1.a: manual labor or employment, 2.a: a manual worker . . . b: a man skilled in the construction or operation of machines or vehicles run by machines." At page 2635 "workingman" is defined as "one who works for wages usually at manual labor; one of the working class as distinguished from the professional and business classes." It is clear that all three words denote some degree of manual labor. "Laborer" is clearly distinguished from "mechanic" in that a mechanic is a laborer who works with machines and must hold some degree of specific skill. "Workingman" or "workman" is a more general term encompassing both laborers and mechanics, and could be said to include skilled and unskilled manual work.
Statutes such as Colorado's 8-hour day limitation contained in section 8-13-104, and other acts directed at mechanic's liens, preference for wages, and workman's compensation were generally passed in the late 1800's and early 1900's in order to protect workers and spread the amount of work available. There has been little or no recent litigation concerning similar terms throughout the country.
Numerous courts have adopted the common meaning of terms such as "mechanic," "workingman," and "laborer." In Re ParadiseCatering Corp., 36 F. Supp. 974, 975 (S.D.N.Y. 1941);Swisher v. United States, 57 Ct. Cl. 123 (1922);City of Phoenix v. Yates, 69 Ariz. 68, 208 P.2d 1147
(1949); Randall's Case, 331 Mass. 383, 119 N.E.2d 189
(1954); Devney v. City of Boston, 223 Mass. 270,111 N.E. 788 (1916); Albee v. Weinberger, 69 Or. 331,138 P. 859 (1914); American Surety Co. of New York v.Stuart, 151 S.W.2d 886 (Tex.Civ. 1941); WarnerMemorial University v. Rittenour, 56 S.W.2d 236, 237
(Tex.Civ.App. 1933).
Although some manual labor may be involved, a position which primarily requires the exercise or use of education, training, special expertise and knowledge normally would exclude a position from even the broadest term, "workingman." SeeCity of Phoenix, supra. Professional positions are almost uniformly excluded. In Re ParadiseCatering Corp., supra; American Surety Co. ofNew York v. Stuart, 151 S.W.2d 886, 888; contraPhoenix Furniture v. Put-In-Bay Hotel Co., 66 F. 683, 685 (N.D. Ohio, W.D. 1895). Positions involving primarily administrative and supervisory responsibilities are also outside the meaning of "workingman," In Re Randall's Case,supra. However, where the supervisory duties are of a direct nature involving manual labor such as a foreman of laborers, courts have held the positions to be within the meaning of "workman." Flagstaff Silver Mining Co. of Utah v. GeorgeCullins, 104 U.S. 176 (1881).
In applying these principles to the term "town marshall," it is clear that his duties, which are the same as a sheriff's duties found at part 5 of article 10 of title 30, C.R.S. (1977) are generally of a nonmanual nature involving administration and the use of specialized expertise and knowledge. It is also clear that town marshalls, being solely responsible for maintaining the public peace, are expected to be on 24-hour duty or call.Swisher, supra. Thus, I conclude that town marshalls are not within any of the three terms in section8-13-104.
The specific positions listed in section 31-4-304 are clearly also not within the meaning of "mechanic," "workingman," or "laborer" under section 8-13-104, since the duties of none of the enumerated officers normally involve manual labor. However, a town board of trustees, ". . . may appoint such other officers . . . it deems necessary for the good government of the corporation . . . ." In regard to these unspecified positions, I conclude that they may or may not be within the meaning of "mechanic," "workingman," or "laborer" under section 8-13-104
depending on whether they are truly officers or merely employees of the town and depending on the nature of the duties.
Some courts have excluded certain officers from the meaning of terms such as "mechanic," "workingman," or "laborer" because the officers are required to take an oath of office or perform a governmental or sovereign function, Swisher,supra; Albee, supra. I agree with this conclusion. Colorado has also distinguished officers or officials from mere employees for purposes of other statutory determinations. Corfman v. McDivitt, 111 Colo. 437,142 P.2d 383 (1943) (suit for salary for wrongful discharge);Hudson v. Annear, 101 Colo. 551, 75 P.2d 587 (1938) (suit over whether a legislator holds a second office in violation of the Colorado Const. art. V, § 8). InCorfman, 111 Colo. 437, 142 P.2d 383, the Colorado Supreme Court considered the delegation of a portion of the sovereign power to and possession of it by an officer independent of any other to be an inherent characteristic of an office distinguishing a position from an employment. In Hudson
the Supreme Court also stated:
 The officer is distinguished from the employee in the greater importance, dignity, and independence of his position; in being required to take an official oath, and perhaps to give an official bond . . . and usually, though not necessarily, in the tenure of the position . . . . A position, the duties of which are undefined and which can be changed at the will of the superior, is not an office but a mere employment, and the incumbent is not an officer but a mere employee.
101 Colo. 555, 75 P.2d (citations omitted).
Section 8-13-104 applies to employment as distinguished from elected or appointed officers. However, as indicated byCorfman and Hudson, supra, whether a position is termed an office or an employment is not determinative. Under section 31-4-304 the town determines by ordinance whether positions are appointive or elective, the nature of their duties, and whether an oath of office or a bond is required. Thus, each position in each town must be evaluated on its own to determine whether it constitutes an office rather than am employment and subject to exclusion from section 8-13-104
on that basis.
Likewise, if an employment rather than an office, since the duties of the unspecified positions may vary, each position must be evaluated to determine if it is within the meaning of section8-13-104.
SUMMARY
In summary it is my opinion that the plain meaning of the terms "mechanic," "laborer," and "workingman" within the context of section 8-13-104 refers to positions or persons performing skilled or unskilled manual labor. I specifically conclude that town marshalls are not within 8-13-104. I further conclude that, although the enumerated officers under section 31-4-304 are also not within the meaning of "mechanic," "laborer" or "workingman" under 8-13-104, other town offices which may be created pursuant to 31-4-304 may or may not be covered by the 8-hour statute, depending on the nature of the position and an analysis of the duties involved.
Very truly yours,
 DUANE WOODARD Attorney General
HOURS OF WORK PUBLIC OFFICERS EMPLOYEES, PUBLIC
Section 8-13-104, C.R.S. (1973) Section 31-4-304, C.R.S. (1977)
LABOR EMPLOYMENT DEPT. Labor, Div. of
Laborer, mechanic, workingman refer to workers who perform manual work of skilled or unskilled nature, town marshall and enumerated officers under section 31-4-304, C.R.S. (1973) are not within those terms.